## HAYNIE vs. WARING & CO.

[CASE AGAINST OWNERS OF STEAMBOAT FOR LOSS OF CASH LETTER.]

1. *Liability of steamboat, under U. S. statutes, as common carrier.*—The acts of congress regulating the duties and liabilities of steamboats engaged in carrying the mail, (U. S. Statutes at large, vol. 4, p. 104, § 6 ; *ib.* vol. 5, p. 736, § 13,] do not impose upon the owners of such boats, in favor of a person who contracts with them only for the diligence of a mandatory, the responsibility of common carriers.

2. *Liability of mandatory.*—A mandatory, or bailee who undertakes to carry goods for another gratuitously, is liable only for gross negligence.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. MCKINSTRY.

THIS action was brought by the appellant against the owners of the steamboat 'Sallie Spann', to recover damages for the defendants' failure to deliver a cash letter, containing $400 in bank-notes, which was delivered to the first clerk of said boat by McDowell, Withers & Co., at Mobile, to be carried to the plaintiff in Pickens county. The complaint contained two counts ; the first alleging that the letter was received by the defendants, " as common carriers, to be delivered to the plaintiff in Pickens county, according to law, *for a reward*"; and the second, that the letter was " received by them, to be delivered, according to law, to the plaintiff in Pickens county." Evidence was adduced by the plaintiff, showing that the letter, marked " cash $400," was delivered to the first clerk of the steamboat at Mobile, addressed to the plaintiff at Pickensville landing on the river ; that this was the usual way in which cash letters were transmitted from persons in Mobile to persons residing on or near the river in the interior ; that no compensation was offered or demanded, nor was any receipt or bill of lading given ; that the letter was never seen or heard of afterwards ; and that there was a post-office at Pickensville landing. On the part of the defendant, several witnesses, who had acted as clerks on different boats plying on the rivers of this State, testified that

the carrying of cash letters was a mere gratuity, and was a matter with which the boat had no connection; that such letters were always delivered to the clerk, who alone, according to their understanding of the custom, were responsible for the faithful discharge of the trust. The court charged the jury, (1st) "that if they should find that the clerk received the letter, and failed to deliver it, the statute of the United States did not, of itself, without any other contract, express or implied, have such effect as to make the defendants common carriers for hire"; and (2dly) "that if the loss was occasioned by the negligence of the defendants, then, before the plaintiff would be entitled to recover under the second count of his complaint, he must show that the loss of the letter by the boat was occasioned by some gross negligence." These charges, to which exceptions were duly reserved, are now assigned as error.

JNO. T. TAYLOR, for the appellant.—1. The first charge was erroneous. It was proved that there was a post-office at Pickensville, and it was the duty of the defendants, under the acts of congress, to have deposited the letter in that office.— U. S. Statutes at large, vol. 4, p. 104, § 6 ; *ib*. vol. 5, p. 736, § 13. These statutes further provide, that the officer so depositing letters shall be paid, &c. The defendants, then, having the right to compensation, cannot avoid the responsibilities of common carriers, by violating their duty, and declining the hire.—Knox v. Rives, Battle & Co., 14 Ala. 249, 261.

2. The second charge is erroneous, in that it imposes on the plaintiff the burden of proving more than the law requires of him. It asserted, in effect, that he could not recover on proof of the delivery to the defendants, their undertaking to carry it, and their failure to deliver it ; but that he must prove what was done with the package, and, if lost, show when and how lost. The plaintiff was not required to show gross negligence. Where one undertakes to perform service for another, compensation is always implied, unless there is an express stipulation to the contrary. The right to compensation is not yielded, because some of the boats may have performed the service without charge ; and where the right

to compensation exists, the carrier is liable for ordinary negligence.—14 Ala. 249.

ROBŤ. H. SMITH, *contra.*—1. The acts of congress, on which the appellant relies, are mere postal regulations, defining the liabilities of mail-carriers to the Federal government, and having no effect on contracts between them and third persons. If there was no contract for compensation, the boat was not a common carrier.—Conwell v. Voorhies, 13 Ohio, 523.

2. Not being a common carrier, the boat was liable only for gross negligence.—Angell on Carriers, §§ 17, 21; Sewall v. Allen, 6 Wendell, 335.

RICE, C. J.—1. There is nothing in the first charge of the court, when construed in connection with the evidence, which in any manner conflicts with the provisions of the statutes of the United States cited by the appellant's counsel, or with the provisions of any other act of congress known to us. The design of those acts of congress was not to impose upon the owners of steamboats the responsibilities of common carriers, in favor of a third person who has contracted for no more than the diligence of a mandatory in the carrying of bank-bills. Knox v. Rives, Battle & Co., 14 Ala. 249; Sewall v. Allen, 6 Wendell, 335.

2. The second count of the complaint proceeds against the defendants, not as common carriers for hire or reward, but as bailees, or carriers without hire. The second charge relates to that count, and is clearly correct; for, when one person undertakes to carry goods for another *gratuitously*, the law renders him liable only for gross negligence.—Angell on Carriers, §§ 17–40; Beardslee v. Richardson, 11 Wendell, 25; Graves v. Ticknor, 6 N. H. 537; Tracy. v. Wood, 3 Mason, 132; Tompkins v. Saltmarsh, 14 Serg. & Rawle, 275.

There is no error in the charges of the court below, and its judgment is affirmed.