# Riddle *v.* Blair.

*Trover.*

(Decided Nov. 22, 1906. 42 So. Rep. 560.)

*Bailment; Sale by Bailor; Notice to Bailee; Conversion by Bailee.*— After notice of the purchase of property held in bailment, the bailee stands in the same relation to the purchaser of the bailor as he did to the original bailor, and cannot deny such purchasers title and justify his conversion of the property by refusing to deliver it to the purchaser on the theory that the property belonged to another.

APPEAL from Coosa Circuit Court.

Heard before HON. S. L. BREWER.

[Riddle v. Blair.]

This was an action for conversion of certain cotton seed alleged to have been mixed by the agent of defendant with other seed. The first count is in case, and counts on a destruction of the mortgage lien. The other counts are for the conversion of the seed after a constructive delivery to plaintiff under a mortgage executed by one Francis Dawson. A number of demurrers were interposed to the counts, not necessary to be here set out. It appears from the evidence that Francis Dawson was the tenant of one Mrs. Nabors, and as such tenant she raised certain cotton and carried the same to the gin of defendant to be ginned, leaving the seed there. Her interest appears to be a half interest in all the crops grown. It further appears that she gave to plaintiff a mortgage upon all the crops grown that year, and that this seed was a part of said crop. The evidence further tended to show that the seed were in the possession of defendant as a public ginner; that Francis Dawson went to the plaintiff, and told him that the seed were at the gin and to go and get same. It further appears from the evidence that the plaintiff gave one Joyner an order for the seed to the defendant, and that, when Joyner went for the seed, the defendant admitted that the seed were there, but asserted that there was a storage charge of 50 cents. The defendant sought to justify on the theory that the seed belonged to the landlord, Nabors, under a contract between him and Dawson. The plaintiff attempted by allegations in his complaint to make a case, not only for the value of the property, but for exemplary damages as well.

D. H. RIDDLE, for appellant.—Under the facts in this case the defendant is estopped from setting up any claim to the seed involved in this suit.—*Thompson v. Sanborne*, 35 Dec. 490; *Traun v. Keefer*, 31 Ala. 136; *Fomby v. Hood*, 119 Ala. 231; *Herzberg v. Hollis*, 119 Ala. 496; *Ashurst v. Ashurst*, 119 Ala. 219; 3 Mayf. 427; *Sullivan v. Conway*, 81 Ala. 154; *Powers v. Harris*, 68 Ala. 410.

LACKEY & BRIDGES, for appellee.—A mere possibility or expectancy in or growing out of property cannot be

the subject of a valid sale or transfer.—*Kipper v. Stokes,* 42 Ala. 255; *Purcell v. Mather,* 35 Ala. 570; Jones on Mortgages, (2nd Ed.) § 140. Under the facts in this case Dawson had no interest in the crop which she could sell or mortgage.—*Farrow v. Wooley, et al.,* 138 Ala. 267; *Jordan v. Lindsey,* 132 Ala. 567; Jones on Mortgages, §§ 114 and 140. An executor or administrator is the only recognized representative in regard to personal assets of a decedent.—3 Mayf. Digest, 679.

TYSON, C. J.—It is an elementary principle that a bailee cannot in general, dispute the title of his bailor, and his duty, on the termination of the bailment, is to restore the property to the person from whom he received it.—*Powell v. Robinson,* 76 Ala. 423. "The rule is that the depositary is bound to redeliver or restore the chattels bailed to the bailor, and the bailor may recover the goods of his bailee without proving his right of property in them. Until the goods are seized by the rightful owner or by some superior title, the depositary is compelled to restore the goods to the person from whom he received them, whose right he cannot controvert But, if he delivers them to the rightful owner on demand, he has a good defense against the bailor, since a delivery in such a case is not a matter of choice."—Edwards on Bailment, § 54. But under no circumstances can he set up title another does not assert and keep for himself the goods as his own.—*Croswell v. Lehman, Durr & Co.,* 54 Ala. 363, 367, 25 Am. Rep. 684. "The bailor may sell the subject-matter of the bailment, and thereby confer on the purchaser an immediate and valid title thereto, the possession of the bailee becoming that of the purchaser, without any formal delivery of the subject of the bailment to him; a mere notice to the bailee of the sale being sufficient."

After notice by the purchaser of the property to the bailee of the acquisition of it from the bailor, the relation of bailor and bailee exists between them, and their acts and conduct with respect to the subject-matter of the bailment are governed by the same rules of law that obtained between the original parties to the bailment; and the liability of the bailee with respect to a conver-

sion of the property by him is determined by the same principles which would obtain were the action brought by the first bailor. The bailee can no more deny the title of the first bailor in the action by the purchaser than he could in an action brought by the first bailor. Doubtless he has the right to controvert the acquisition of the property by the plaintiff; but, this fact being established and notice to him of it being shown, if the bailment has terminated, he cannot defeat an action of trover for the conversion of the property, not even by showing that the superior right or title to it is in another, who has asserted no claim to it. Under these principles, the testimony introduced by plaintiff, if believed by the jury, would entitle him to recover. Independent of the mortgage which he acquired from the bailor, conveying her property interest in the seed after it had become the subject-matter of the bailment, the testimony tends to show that the plaintiff by a verbal agreement again acquired her interest in the seed and that he gave the defendant notice of that fact. It also tends to show that defendant was at that time in possession of the seed under the bailment, and that it was subsequently disposed of in some manner. There is no pretense that it was delivered to any one asserting a superior right to it. On these tendencies of the testimony, it is clear that the giving of the affirmative charge at defendant's request was error.

We have not reveiwed the rulings of the court upon the demurrers to the several counts of the complaint, or in excluding testimony. All of these we regard as harmless.

In conclusion, we regard it proper to say that the facts do not present a case for the recovery of exemplary damages, and that a count in trover is all that is needed to present plaintiff's cause of action.

Reversed and remanded.

HARALSON, SIMPSON, and DENSON, JJ., concur.