# Riddle *v.* Blair.

## *Trover.*

(Decided Nov. 18, 1909.—51 South. 14.)

1. *Bailment; Conversion by Bailee; Defense.*—A bailee alleged to have converted bailed property may show that he refused to deliver it to the plaintiff because he doubted his right thereto for the purpose of rebutting the presumption of malice which might otherwise arise, but such fact does not amount to a complete defense.

2. *Same.*—A bailee charged with the conversion of bailed property cannot defend a refusal to deliver it to the plaintiff because others claimed it where it did not appear that he delivered the property to other claimants, but either converted it himself or allowed others to do so.

3. *Trover; Instructions.*—Where it was shown that plaintiff had a mortgage on the property alleged to have been converted and that the original bailor, who was the mortgagee had given her oral consent for plaintiff to take the property, of which he had notified the defendant before the conversion, the plaintiff was entitled to a charge asserting that if the original bailor had sold the property to plaintiff he could not, by telling the bailee not to let anyone have it, except on her order, defeat plaintiff's right to receive the property from the bailee; so also was he entitled to an instruction that if the property was sold to plaintiff by the bailor, and plaintiff, either himself or through another, demanded it of the bailee after his purchase, then he was entitled to a verdict.

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by D. H. Riddle against George Blair. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The pleadings and the facts will be found set out in a former report of this case in 148 Ala. 461, 42 South. 560. The charges refused are as follows: (5) "I charge you that, if Tom Dawson had sold the seed to Riddle, he could not, by telling Blair not to let anybody have the seed except on his order, defeat Riddle's right to demand and receive the seed of Blair." (6) "If you are reasonably satisfied from the evidence that the seed

was sold to Riddle by Tom Dawson, and that Riddle, either himself or through Joyner, demanded the seed of Blair after Riddle purchased the same from Dawson, then Riddle is entitled to a verdict."

D. H. RIDDLE, pro se.—The bailee cannot dispute the bailor's title.—*Riddle v. Blair,* 148 Ala. 461. The court erred in its rulings on the examination of Francis Dawson.—*Riddle v. Blair, supra.* The court erred in refusing the charges requested by plaintiff.—*Riddle v. Blair, supra.*

WHITSON & HARRISON, for appellee.—The fact that a case is tried once on a different theory cannot deprive a party of the right to prove anything material to his side of the controversy upon a new trial—*Farrow v. Willett,* 149 Ala. 373. Appellee had a right to controvert the acquisition of the property by appellant.— *Riddle v. Blair,* 148 Ala. 464. Appellee was entitled to the affirmative charge, and hence, any error that intervened was harmless.—*Bolling v. Mobile Ry. Co.,* 128 Ala. 550; see also, 129 Ala. 513; 134 Ala. 347; 145 Ala. 426. There was a variance between the complaint and proof.—*Williams v. McKissack,* 125 Ala. 544; *Mobile, etc., Ry. Co. v. Bay Shore L. Co.,* 48 South. 377.

MAYFIELD, J.—The facts and the law governing this case are sufficiently stated in the former report and opinion of this case . See 148 Ala. 461, 42 South. 560. The pleadings and issues in this case, as was pointed out in the former opinion, are entirely too numerous. All the pleadings and all the proof shown by the records on both appeals, show that the only question in the case is one of conversion. One count in trover is all the pleading necessary to determine all of the rights of

[Riddle v. Blair.]

both parties. This much was said on the former appeal, and if possible, it more clearly appears on this appeal.

The evidence unquestionably shows that the defendant was a bailee of the property in question, and that it was converted. While the proof is not certain that the plaintiff was the original bailor, it is uncontradicted that he acquired both the legal and the equitable title thereto before the conversion, and that the bailee refused to deliver on demand after the termination of the bailment, and after information as to the title and ownership of plaintiff. That defendant doubted plaintiff's title or ownership, and for this reason refused to deliver, may but rebut the presumption of malice which might otherwise arise, but it cannot amount to a complete defense.

Defendant sets up the facts that others claimed the property, and that for this reason he refused to deliver to plaintiff; but he did not deliver the property to any one who claimed it. He either converted it himself, or allowed others to convert it. If the defendant had been in a position to set up title in a third party to defeat the action, he entirely failed to prove it. He could acquire no right to convert this property to his own use, because he doubted plaintiff's title, or another claimed it and ordered him not to deliver to plaintiff.

The court erred in refusing charges 5 and 6, requested by appellant. They state correct propositions of law as applicable to the evidence in this case.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.