# Blair v. Riddle.

## Trover.

(Decided Jan. 18, 1912.   57 South. 382.)

1. *Bailment; Conversion by Bailee; Acts Constituting.*—A bailee who refuses to deliver the goods to the bailor, or to a buyer from him, and who did not deliver them to any one having a supervision right, could not question the bailor's right to dispose of the goods and thus relieve himself from liability for conversion.

[Blair v. Riddle.]

2. *Trover and Conversion; Pleadings; Proof; Variance.*—Where the complaint in trover alleged that the conversion occurred on or about October 18, and the proof showed that it occurred on Oct. 21, there was no variance between the pleading and the proof.

3. *Same; Measure of Damages.*—The measure of damages for conversion is the value of the property at the time of the conversion with interest; but where the evidence shows fluctuations in value after their conversion, it is within the discretion of the jury to fix the value at a higher, or the highest price attained, since the conversion.

4. *Appeal and Error; Harmless Error; Instruction.*—Where the verdict represented the finding of the highest value of the property since the conversion without interest or a lower valuation with interest thereon, the error, if any, in allowing interest from the date of conversion on a higher valuation on a subsequent date, as authorized by an instruction was harmless, as the enhancement of the verdict as a result of the error was trivial in amount.

APPEAL from Coosa Circuit Court.

Heard before Hon. H. P. MERRITT, Special Judge.

Trover by D. H. Riddle against George Blair. Judgment for plaintiff and defendant appeals. Affirmed.

LACKEY & BRIDGES, and WHITSON & HARRISON, for appellant. A laborer cannot convey any title whatever by executing a mortgage on a crop as the title is in the owner of the land.—*Farrow v. Wooley*, 149 Ala. 373; *Jordan v. Lindsey*, 132 Ala. 576; *Tarlton v. Kimbrough*, 150 Ala. 618; *Vandegrift v. Hawkins*, 164 Ala. 430. Therefore, the plaintiff acquired no title to the crop. Under the facts in this case there was no conversion.— *Bolling v. Kirby*, 90 Ala. 215; *Davis v. Hurt*, 114 Ala. 146; *Baker v. Malone*, 126 Ala. 510; *King v. Franklin*, 132 Ala. 565; *L. & N. v. Scheinert*, 156 Ala. 411. A demand was necessary.—*Strauss v. Schwab*, 104 Ala. 672; *Davis v. Hurt, supra; Bolling v. Kirby, supra; Hass v. Taylor*, 80 Ala. 459. Where the bailor had no valid title, the bailee may, on demand, deliver the goods to the rightful owner.—*Powell v. Robinson*, 76 Ala. 425; *Jackson v. Jackson*, 97 Ala. 373. There was a variance between the proof and the complaint as to the

time of the conversion.—*Williams v. McKissack,* 125 Ala. 544; *M. J. & K. C. R. R. Co. v. Bay S. L. Co.,* 158 Ala. 314.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellee. The plaintiff was entitled to the affirmative charge and hence, if any error intervened, it was error without injury.—*Riddle v. Blair,* 148 Ala. 461; *Same case,* 163 Ala. 314.

WALKER, P. J.—Many of the propositions advanced in behalf of the appellant have been disposed of adversely to him by the rulings on the former appeals. —*Riddle v. Blair,* 148 Ala. 461, 42 South. 560; *Riddle v. Blair,* 163 Ala. 314, 51 South. 14.

The evidence without conflict showed that Tom Dawson was the bailor of the cotton seed alleged to have been converted; that whatever right he had to it was acquired by the plaintiff (the appellee); and that the defendant, the bailee, refused to deliver it on the plaintiff's order. There was no evidence tending to show that the defendant delivered the seed to any one having a right to it superior to that of the bailor or his vendee. In view of these facts, under the former rulings in the case, the defendant was in no position to question the bailor's right to make disposition of the property.

One of the counts of the complaint alleged that the conversion was "on or about the 18th day of October, 1904." There was evidence tending to prove that the conversion took place on the 21st day of October, 1904. The allegation as to the time was somewhat indefinite and uncertain, and it cannot be said that there was a variance between it and the evidence on the subject. 6 Words and Phrases, p. 4966. The Court was not in error in giving the affirmative charge requested by the plaintiff.

In trover ordinarily the measure of damages is the value of the property at the time of the conversion with interest; but, if the evidence shows fluctuation in value after the conversion, the jury, in their discretion, may fix the value at a higher or the highest price attained since the date of the conversion.—*Ryan et al. v. Young,* 147 Ala. 660, 41 South. 954.

It is questionable whether the written charge as to the measure of damages which was given at the request of the plaintiff imports anything more than the propositions just stated. But, if it may be construed as asserting or involving the proposition that the jury could award the highest value with interest from the date of the conversion on the amount so ascertained, and if the incorrectness of that proposition is assumed, still the record shows that the defendant could not have suffered such injury as a result of the giving of that charge as to constitute it a ground of reversal. The verdict, when considered in the light of the evidence, proves that, if the jury ascertained its amount by fixing a value on the converted property as of a date subsequent to the conversion and adding interest on that amount from the date of the conversion, the difference between the item of interest added to the valuation adopted by the jury to make the amount of the verdict and what that item would have been if it had been based on the value of the property at the time of conversion could not have amounted to as much as three dollars. The amount of the verdict indicates that it represented the jury's finding of the highest value of the property since the date of the conversion, without any allowance of interest; but if it represented a lower valuation of the property with interest on that valuation added, and if it was error to allow interest from the date of the conversion on a higher valuation as of a subsequent date, yet the

enhancement of the verdict as the result of that error in instruction was too trivial in amount to justify a reversal.—*Sanford v. Richardson,* 1 Ala. 182; 3 Cyc. 446. Affirmed.