# Latham *v.* Elrod.

## *Damage to Animal.*

(Decided November 12, 1912. 60 South. 428.)

*Physicians and Surgeons; Skill Required; Compensation.*—A veterinary surgeon who undertakes to treat an animal cannot absolutely escape liability for his negligence because of the fact that the treatment is to be gratuitous, as in all cases a bailee is required to exercise some degree of care.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by N. L. Latham against W. A. Elrod for damages for the death of a mule. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The first, second, and third counts allege that the defendant held himself out and represented himself to be a skilled veterinary surgeon, and as such did undertake and contract to treat a mule belonging to plaintiff, but that he failed to exercise reasonable and ordinary care, skill, and diligence in his treatment of the mule, and as a result the mule died, as the proximate consequence of the treatment.

The fourth charge is as follows: "The burden of proof is upon plaintiff to prove to the reasonable satisfaction of the jury that Dr. Elrod contracted to treat the mule for a fee to be paid him; and if this was not true, and if Dr. Elrod merely undertook to treat the mule as a neighborly act, and without compensation to be paid him, your verdict must be for the defendant."

E. O. McCORD, for appellant. The question arises on the pleading, and it did not matter whether the defendant made any charges for his services or not, as a bailee

[Latham v. Elrod.]

is always required to exercise some care.—*Hartselle v. Masterson,* 132 Ala. 275; *Sysson v. Hieronymous Bros.,* 127 Ala. 482; *Wilson v. Smith,* 111 Ala. 170; *Garrett v. Trabuc,* 32 Ala. 227; 82 Ala. 227; 22 A. & E. Enc. of Law, 801. On these authorities, it is insisted that the court was in error in its rulings on the pleadings, and in the admission of evidence.

STREET & ISBELL, for appellee. Evidence as to the previous condition of the mule as to sickness, etc., was competent.—13 Enc. of Evid. 536-544; 47 Am. St. Rep. 475. In any event, this evidence was without injury because the defendant had a verdict.—*Hart v. Sharpton,* 124 Ala. 638. The affirmative charge was properly given as to counts 1 and 2.—*Mitchell v. Moore,* 73 Ala. 542; *Beall v. James,* 122 Ala. 414; *Bienville Co. v. Mobile,* 122 Ala. 647; *Gaines v. Virginia,* 124 Ala. 394. Charges 1 and 2 were correct.—30 Cyc. 1583; 22 A. & E. Enc. of Law, 802; 29 Id. 1050. The affirmative charge might have been given as to counts 3 and 4, and hence, no error intervened as to the other charges.—*Bienville Co. v. Mobile, supra.*

WALKER, P. J.—Each of the four counts of the complaint alleged that the defendant undertook to treat the plaintiff's mule, and claimed damages for the death of the animal, which was attributed to the negligence of the defendant in treating it. Only in the fourth count was it averred that the defendant's undertaking to treat the mule was for a reward. As applicable to the other counts, written charge 4, given at the request of the defendant, cannot be approved. In the light of the evidence in the case tending to show negligence on the part of the defendant, that instruction asserts in effect that, if his undertaking to treat the mule was gratuitous or

[Latham v. Elrod.]

not "for a fee to be paid him," then he was not chargeable for negligence in the matter. This is not the law. When one ventures to deal with the property of another, whether gratuitously or for a reward, he puts himself under a duty to that person in reference to the property dealt with. Generally the duty is not the same in the one case as it is in the other. But in neither kind of case is one free from liability who negligently or carelessly injures or destroys the property of another. Even when a bailment is for the sole benefit of the bailor, the bailee is not exempt from a duty to exercise some care in reference to the subject of the bailment.—*Haynie v. Waring & Co.*, 29 Ala. 263; 5 Cyc. 186. When the service undertaken is one requiring care and skill, whether it is undertaken for a reward or not, the rule seems to be that liablility is incurred by a failure to exercise reasonable care and skill appropriate to the undertaking and the situation and surroundings of the parties.— *Du Bois v. Decker*, 130 N. Y. 325, 29 N. E. 313, 14 L. R. A. 429, 27 Am. St. Rep. 529; *McCandless v. McWha*, 22 Pa. 261, 269; 30 Cyc. 1573, 1581. Certainly one who gratuitously undertakes to render such a service is not free from liability if he negligently fails to use such care or skill as he is capable of.

Other questions presented need not be passed on, as they are not such as are likely to arise in another trial.

Reversed and remanded.