# Thomas v. Hackney.

## Assumpsit.

(Decided April 15, 1915.  68 South. 296.)

1. *Bailment; Without Reward; Care of Property.*—Where a mechanic took an automobile to repair without reward, and after making the repairs took the car on a trial trip to ascertain whether the repairs were successful, he was still a bailee without reward, and, as such, liable for damages only in case the damages resulted from his gross neglect or bad faith.

2. *Same; Burden of Proof.*—The burden is on a bailee without reward, where the property is injured while in his care to show that he exercised that slight care that the law required of him; hence, where a gratuitous bailee merely showed that the car was injured in a collision while in his care, the owner of the car was entitled to damages.

3. *Same; Estoppel of Owner.*—The owner of an automobile which was damaged while in the custody of a mechanic who was repairing it, is not estopped because of having paid for the repairs from setting up a cross demand for the damages.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Assumpsit by J. T. Hackney against Fred Thomas. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals under section 6, p. 449, Acts 1911.

The complaint is for work and labor done and upon an account stated. Defendant set up that plaintiff had possession of an automobile, the property of defendant, as bailee, to repair the same, and while in such posses-

sion had the car on the public streets of Birmingham, Ala., operating the same for his own purposes, at which time the said car was run into by another automobile, without fault on the part of defendant, and was damaged in amount and excess of the sum claimed by defendant in this cause, to wit, $383, and that the sum claimed by plaintiff in this case is the value of his labor in repairing the automobile after said collision, and restoring it to the condition in which it was previous to said collision, as it was the duty of plaintiff to do, without cost to the defendant, which sum defendant offered to set off against the sum claimed, and claims judgment for the excess. The effect of plaintiff's evidence was that defendant had acquired the automobile from plaintiff in an exchange, and that he returned to plaintiff with the automobile, complaining that something was wrong, and requesting plaintiff to examine it, plaintiff being a skilled mechanic and automobile repairer, and that after adjusting parts of the machine which he found to be out of order, and in order to test the effect of what he had done in adjusting the automobile, defendant, at the direction of plaintiff, applied the motive power to the machine, and the engines raced very rapidly, and the gear wheels were stripped, and that defendant left the automobile at the curb at plaintiff's place of business, plaintiff undertaking, if defendant would procure the new gear, he would put it into the automobile free of charge, and that after putting in the new gear plaintiff and his helper got into the automobile to take a test trip through the streets of the city of Birmingham, whereupon a collision happened, as a result of which defendant's car was badly demolished, and that at defendant's request he repaired the automobile after the collision. The defendant's testimony was in line with the plea above set out.

A. & F. B. LATADY, for appellant.

CHARLES J. DOUGHERTY, for appellee.

ANDERSON, C. J.—(1) The plaintiff received the
car from the defendant to repair same gratuitously, and
the proof shows that it was injured while he was riding
in same for the purpose of ascertaining whether or
not the repairs he undertook to make, and had made,
were successful. If this was true, and which is not dis-
puted, the trial trip was but incidental to the repair,
and the said trial trip was solely in the interest of
and for the benefit of the defendant, the owner of the
car; and plaintiff was, at the time of the collision and
injury, still a bailee of the defendant, for his sole ben-
efit, and without reward—a mandatory. This being the
case, the plaintiff was obligated to the owner of the car
only to the exercise of slight care, and was only liable
for gross neglect or bad faith.—5 Cyc. 186; *Haynie v.
Waring & Co.*, 29 Ala. 263.

(2) The evidence, however, having established the
injury to the car while in the custody of the plaintiff,
the burden of proof was upon him to show at least that
degree of care on his part that the law required of him
when the car was injured. He simply proved a collision,
and from aught that appears it may have resulted sole-
ly from his fault and while not in the exercise of even
slight care. He had the custody of the car, and was in
same when it was injured, and should have shown
enough facts connected with the collision as would have
acquitted him of the failure to exercise that degree of
care owing the defendant.—*Seals v. Edmondson*, 71
Ala. 509.

The defendant having made out a prima facie case
against the plaintiff for the injury to his car, and which

exceeded in value the plaintiff's demand, the plaintiff was not entitled to recover, and the trial court erred in refusing defendant's requested charge, which is on page 10 of the record, and which we mark No. 1. (Why lawyers do not number or letter charges when asked we can't understand.) We do not agree with counsel for the appellant that this charge should have been given upon the idea that pleas 1 and 2 were proven without dispute. They were not proven, as each of them charges that the plaintiff was at the time of the injury operating the car for his own purpose, and the proof shows that he was operating said car for the benefit of the defendant. Whether or not, however, the defendant was entitled to the general charge upon the idea that he did not prove his special pleas, the judgment entry shows that defendant "pleads the general issue, and, in short, by consent, any legal defense, and with leave to plaintiff to reply thereto," and the case seems to have been tried upon the issue of defendant's right to recoup or set off the injuries sustained by his car in the collision.

(3) As this case must be reversed for the refusal of the defendant's general charge, it is sufficient to say that the defendant's requested charge, to the effect that he was not estopped from setting up his cross-demand because he had made partial payments to the plaintiff for repairing the car, could have been given without error.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

McClellan, Sayre, and Gardner, JJ., concur.