(106 So. 220)

## COTTON v. HARRIS TRANSFER & WAREHOUSE CO.   (6 Div. 740.)

(Court of Appeals of Alabama.   Aug. 11, 1925. Rehearing Denied Oct. 27, 1925.)

**1. Trover and conversion &�159;4 — Defendant wrongfully converting to own use goods delivered to him by mistake liable for conversion.**

If defendant, knowing goods delivered to him by plaintiff were not his, wrongfully converted them to his own use, although such goods had been delivered to him under the mistaken belief that they were his, such act would constitute a conversion.

**2. Finding lost goods &�159;5—Finder of lost property bound to restore it to owner.**

A finder of lost property, who takes possession of it, becomes bound to safely keep it and restore it to the owner.

<hr>

**3. Trover and conversion ⬯➾66 — Affirmative charge for defendant in count for conversion of goods properly refused.**

In count for conversion of goods delivered to defendant by mistake, evidence being such as to authorize jury to find for plaintiff, affirmative charge for defendant was properly refused.

**4. Trover and conversion ⬯➾4—Illegal assumption of ownership or wrongful detention of goods necessary to sustain count for conversion.**

In count for conversion of goods delivered to defendant by mistake, for jury to find for plaintiff, evidence should convince them reasonably that defendant exercised an illegal assumption of ownership, or that he wrongfully detained the goods.

**5. Trover and conversion ⬯➾4—Nonfeasance or neglect of legal duty will not support action for conversion.**

A nonfeasance or neglect of legal duty or mere failure to perform an act obligatory by contract, or by which property is lost to the owner, will not support an action for conversion.

**6. Trover and conversion ⬯➾35 — Burden on defendant receiving goods by mistake to prove he did not possess or illegally dispose of them.**

In count against defendant for conversion of goods delivered to him by plaintiff by mistake, which fact defendant knew, and goods were gone when called for by rightful owner, burden was on defendant to show that he did not still possess goods or had not illegally disposed of them.

**7. Trial ⬯➾194(14)—Charge held invasive of province of jury.**

In count for conversion of goods delivered to defendant by mistake, and which were gone when called for by rightful owner, in which defendant alleged that one representing himself to be servant of plaintiff took such goods, charge that jury could not find for defendant unless they were reasonably satisfied that such alleged servant had apparent authority to receive goods for plaintiff *held* invasive of province of jury, as mere failure to return on demand property left in possession of defendant does not alone constitute conversion.

**8. Bailment ⬯➾30—Facts pleaded held sufficient to charge defendant as naked bailee.**

Counts alleging that plaintiff delivered goods to defendant by mistake, that defendant recognized mistake and agreed to deliver goods to plaintiff's servant, but that defendant failed to make delivery, claiming to have delivered same to one claiming to be servant of plaintiff, were sufficient to charge defendant as naked bailee of such goods, whose duty it was only to exercise slight care, and who was only liable for gross negligence or bad faith.

**9. Bailment ⬯➾33—Evidence on counts against defendant as naked bailee held for jury.**

Under counts charging defendant as naked bailee of goods delivered to him by mistake, evidence *held* to make case for jury.

**10. Trover and conversion ⬯➾40(3) — Under count for conversion, plaintiff must prove such title as would warrant recovery.**

To sustain count for conversion of goods, plaintiff must reasonably satisfy jury from the evidence that plaintiff had such title as would warrant recovery.

Bricken, P. J., dissenting.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by the Harris Transfer & Warehouse Company against Jacob Cotton. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Certiorari denied by Supreme Court in Ex parte Harris Transfer & Warehouse Co., 214 Ala. 6, 106 So. 223.

The case made by plaintiff's evidence is, in substance, as follows:

Plaintiff operated a number of drays or trucks in the city of Birmingham, employing 20 to 25 draymen or drivers, and had an arrangement with various business houses for the transfer of freight shipments for them. Among its customers were the Jaffee Clothing Company and the Jefferson Clothing Company, which latter was operated by the defendant, Cotton. In the prosecution of its business it was the practice of plaintiff to give to its drivers an order or receipt form covering each shipment, and for the driver to take the receipt thereon of the consignee when delivery was made.

On October 3, 1923, plaintiff received from the Southern Railway Company a box of clothing for Jaffee Clothing Company, loaded it upon one of its drays, and dispatched it for delivery by one of its drivers. The driver delivered the box at the rear of the establishment of the Jefferson Clothing Company, the defendant, and took the receipt of one Taylor, who was employed by the defendant. Shortly thereafter plaintiff's president, Harris, was notified over the telephone by defendant, Cotton, that the box had been left at his place by mistake, and was requested to send for it. Harris stated to Cotton that he would send an order for it, and Cotton replied, "All right." Thereafter a driver was sent by plaintiff to defendant's place of business with an order for the box, and with instructions to deliver it to Jaffee Clothing Company. This driver did not receive the box, but was informed by one at defendant's place of business that it had already been delivered to one of plaintiff's drivers.

Plaintiff offered evidence to show that its drivers were not authorized to "pick up" goods without an order from an officer of the plaintiff; that its entire personnel of drivers remained the same from the date of delivery of the package in question to defendant to a date four or five days later, and had changed but little up to the time of the trial; that defendant's employee, Taylor, who received the box and who claimed to have delivered it to one of plaintiff's drays, came to plaintiff's place of business for the purpose of identifying the driver to whom he deliv-

ered the box, but after observing the drivers employed by plaintiff failed to identify the one to whom he claimed to have made the delivery; that plaintiff kept a record of its deliveries, but had no record of making a delivery to the Army Goods Store on the day Taylor claimed to have turned over the box in question to one of plaintiff's drivers. Plaintiff's witness, the driver who left the box at defendant's place by mistake, testified that Taylor was "in charge" in the rear of defendant's place of business where deliveries were made.

Defendant's evidence was to this effect:

Taylor was employed by defendant to work on a truck and to repair stoves and furniture in the warehouse, and had no authority from defendant to receipt for goods or to receipt for the box in question. On the day this box was brought to defendant's place, Taylor, without observing the name on the bill or order or on the box, received and receipted for the same, and soon thereafter called Cotton's attention to it. Cotton stated that he was not expecting such a shipment, and went and examined the box. Finding that it was marked for Jaffee Clothing Company, he directed Taylor to leave it where it was, and immediately telephoned Harris of the mistake and asked that the box be sent for at once, to which Harris agreed. Cotton, testifying as a witness, denied that Harris said anything about a written order being sent for the box, and denied making any agreement to keep the goods safely for plaintiff. This witness further testified that the box was not opened or tampered with by him; that it was not removed from his place by the front entrance, near which he stayed, and that his place of business was locked up at night and the rear entrance closed and secured when no one was in the rear of the place. Taylor testified that he heard Cotton talking over the telephone to Harris, and was informed that plaintiff would send for the box; that on the day after the box was delivered he was in the rear of defendant's place of business and saw one of plaintiff's drays across the alley, apparently making a delivery to the Army Goods Store; that he called to the driver and asked him if he had been sent to get a box from defendant's place; that the driver said he was, and that witness showed him the box and told him to take it; that the driver took the box, loaded it on his dray, and drove off in the direction of Jaffee Clothing Company's store. Another witness for defendant, a deliveryman or porter, testified to the delivery of the box to one of plaintiff's drays substantially as testified to by witness Taylor.

Defendant's plea 5 is as follows:

"Said plaintiff telephoned to defendant that it would send its drayman for said chattels, and requested defendant to let said drayman have said chattels. Thereafter a drayman of plaintiff called at defendant's place of business, and stated to defendant's warehouse keeper that he came to get said chattels, and defendant delivered same to said drayman of plaintiff, on to wit, October 4, 1923. And plaintiff invested said drayman with apparent authority in the premises by placing him in charge of one of its drays used by plaintiff to deliver similar shipments on said day."

Leader & Ullman, of Birmingham, for appellant.

Mere failure to return property on demand is not conversion: but there must be tortious acts as distinguished from nonfeasance, neglect of legal duty, or failure to perform a contract obligation, whereby the property is lost. Pollard v. Pollard, 207 Ala. 270, 92 So. 488; Allen v. Jacob Dold Pkg. Co., 204 Ala. 652, 86 So. 525; Davis v. Hurt, 114 Ala. 146, 21 So. 468. There can be no bailment without a contract. Newton v. Brooks, 134 Ala. 269, 32 So. 722. A written charge, which assumes that the plaintiff has proven his case, is erroneous, and will work a reversal. Walstrom v. Aliver-Watts Const. Co., 161 Ala. 608, 50 So. 46.

John T. Glover, of Birmingham, for appellee.

Trover will lie where a bailee to whom goods have been intrusted wrongfully, or without the consent of the bailor, appropriates them to his own use, or to the use of a third person. Davis v. Hurt, 114 Ala. 150, 21 So. 468; Riddle v. Blair, 148 Ala. 461, 42 So. 560. Though a bailment grows out of a contract, the contract may be express or implied, and mutuality may be created by operation of law. 3 R. C. L. 83; 6 C. J. 1102. Constructive acceptance of a bailment is sufficient. No consideration, other than the obligation to return, is essential. 6 C. J. 1104, 1106; 3 R. C. L. 82. The burden is upon the gratuitous bailee to show that he has bestowed upon the subject the degree of care the law required. Thomas v. Hackney, 192 Ala. 27, 68 So. 296. The question whether defendant was guilty of gross negligence was for the jury to determine. 6 C. J. 1163; Bricken v. Sikes, 14 Ala. App. 187, 68 So. 801; 3 R. C. L. 103; Schouler on Bailments, §§ 49, 50; Preston v. Prather, 137 U. S. 604, 11 S. Ct. 162, 34 L. Ed. 788; Gray v. Merriam, 148 Ill. 179, 35 N. E. 810, 32 L. R. A. 769, 39 Am. St. Rep. 172; Maddock v. Riggs, 106 Kan. 808, 190 P. 12, 12 A. L. R. 216; Elon College v. Elon Bkg. Co., 182 N. C. 298, 109 S. E. 6, 17 A. L. R. 1205; Ex parte Priester, 212 Ala., 271, 102 So. 377.

SAMFORD, J. [1-3] The second count in the complaint claims damages as for the conversion of the merchandise therein described, is in the Code form, and is sufficient. Under this count, if the defendant, knowing the goods were not his, wrongfully converted them to his own use, although such goods had been delivered to him under the mistak-

en belief that they were his, such act would constitute a conversion for which this action would lie. Thus a finder of lost property who takes possession of it becomes bound to safely keep it and to restore it to the owner. This is the requirement of honesty and justice between men, and the law implies such a contract as is necessary in such cases. The tendencies of the evidence were such in this case as would authorize the jury to find a verdict for the plaintiff under count 2; and therefore the affirmative charge as requested by defendant was properly refused. Davis v. Hurt, 114 Ala. 146, 21 So. 468; Riddle v. Blair, 148 Ala. 461, 42 So. 560; 3 R. C. L. 83; 6 Corpus Juris, 1102, par. 19.

[4-6] In order for the jury to find for the plaintiff under count 2, the evidence should convince them reasonably that the defendant exercised an illegal assumption of ownership or that he wrongfully detained the goods. A nonfeasance or neglect of legal duty, mere failure to perform an act obligatory by contract, or by which property is lost to the owner, will not support an action for conversion. Bolling v. Kirby, 90 Ala. 215, 7 So. 914, 24 Am. St. Rep. 789. In the case at bar the goods were delivered into the possession of defendant. He knew they were there in his storehouse. He knew they had been delivered by mistake and were not his. When called for a short time afterwards by the rightful owner they were gone, or at least so defendant said. The burden rested on the defendant of convincing the jury that he did not still possess them or had not illegally disposed of them.

[7] In this connection it seems to us pertinent to consider the following charge, given in writing at the request of the plaintiff, to wit:

"I charge you, gentlemen of the jury, that you cannot find for the defendant unless you are reasonably satisfied from the evidence that the negro to whom the case of merchandise is alleged to have been delivered had apparent authority to receive the same for plaintiff."

This charge pretermits a consideration of the evidence tending to prove plaintiff's case and the other evidence for defendant tending to acquit himself of negligence regarding the merchandise. The charge is invasive of the province of the jury and should have been refused. The mere failure to return on demand property which has been left in the possession of a defendant does not alone constitute a conversion, and, while the facts might be sufficient to authorize the jury to find that a conversion had taken place, that question was for the jury and not for the court. Pollard v. Pollard, 207 Ala. 270, 92 So. 488.

[8, 9] The case made by counts 4, 5, and 6 is that plaintiff, through and by one of its employee draymen, delivered by mistake a case of clothing to defendant, and that the defendant wrongfully received the merchandise; that upon discovery of the wrongful delivery plaintiff notified defendant, and further notified defendant that plaintiff would send one of its servants to get the merchandise. Defendant recognized the mistake, made no claim to the merchandise, and agreed to deliver same to plaintiff's servant upon demand. Plaintiff sent his servant for the merchandise and made the demand for its return, but defendant failed to make the delivery, claiming to have delivered same to some unknown, who called and claimed to be the servant of plaintiff sent for the purpose of receiving the merchandise. Plaintiff avers that this was gross negligence on the part of defendant, as a proximate cause of which the case of clothing was lost to plaintiff. The facts as made by the pleading are sufficient to charge defendant as a naked bailee of the case of merchandise. 6 Corpus Juris, 1104, par. 25. Being such, the obligation resting on the defendant to the plaintiff was only to exercise slight care with respect to the merchandise, and he was only liable for gross negligence or bad faith in respect thereto. Thomas v. Hackney, 192 Ala. 27, 68 So. 296. The evidence as set out in the record does not make a case for the affirmative charge upon either count in the complaint.

[10] The second count is for the conversion of the goods. To sustain that count the plaintiff must reasonably satisfy the jury from the evidence that it had such title as would warrant a recovery. This is not a disputed question. It must prove a delivery of the goods to defendant, and not merely that the case of merchandise was by mistake left in the door of his warehouse, and over which he assumed no dominion or control. This was disputed, and as to which there were conflicting inferences to be drawn from the evidence. If the jury should find that defendant in fact received the merchandise, then did he convert it to his own use or to the use of another? This, too, was a disputed fact on which the testimony was conflicting.

Coming now to the three counts claiming for gross negligence: Was the defendant a naked bailee of the goods? Under the plaintiff's evidence the jury would be justified in finding that he was. Under defendant's evidence the jury would be justified in finding he was not. If he was such bailee, then it was defendant's duty to plaintiff not to be grossly negligent in regard to the property which had come into his possession through and by the mistake of plaintiff's drayman. Defendant's plea 5, if proven to the reasonable satisfaction of the jury, is a complete answer to the complaint. Upon these propositions the trial judge properly and fully charged the jury, and his several rulings on requested written charges were without error.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

BRICKEN, P. J., dissents.