141 So. 360

**JORDAN v. CLARKE COUNTY FARM
BUREAU GIN CO., Inc.**

1 Div. 926.

Court of Appeals of Alabama.

March 29, 1932.

Rehearing Stricken April 19, 1932.

98

Quincey W. Tucker and Woodford Mabry, both of Grove Hill, for appellant.

Adams & Gillmore, of Grove Hill, for appellee.

SAMFORD, J.

According to the undisputed evidence the plaintiff, Jordan, sent by one Charlie Hill a bale of seed cotton to the gin of defendant to be ginned, baled, and the seed returned to him by Hill. Hill was given the money with which to pay defendant for the ginning, bagging, and ties, and was instructed to leave the bale with defendant to be by it shipped to the farm bureau. The defendant received the seed cotton, ginned and packed the lint into a bale, rolled it out of its ginhouse, onto the platform or its yard, demanded and accepted from Hill its regular charges for ginning, bagging, and ties, at which time Hill told defendant's superintendent that plaintiff wanted him to ship the bale of cotton to the farm bureau and to deliver the seed to him. This was a customary service rendered by defendant to its customers for which no additional charge was made. Defendant's superintendent agreed to make the shipment, and then asked Hill: "What pool does he want it shipped in." Hill replied that he did not know, but as he went by plaintiff's to take the seed he would tell plaintiff to let defendant know. Whereupon the superintendent said: "You tell Mr. Jordan to let me know and I will ship the bale of cotton."

The plaintiff requested the court to give the following charge: "The court charges the jury that if they believe the evidence in this case, then and in that event, the bailment in this case was a bailment for hire." This charge presents one of the principal points of contention. If the bailment was for hire, then the burden rested upon the defendant to acquit itself of negligence in the loss of the bale of cotton. If, on the other hand, under the evidence the defendant was not a bailee for hire, a different rule would obtain. The facts being undisputed on this point, the question was one of law for the court, and as to which either the plaintiff or defendant was entitled to the affirmative instruction. Riley v. Fletcher, 185 Ala. 570, 64 So. 85. It is conceded by all parties that when Hill, the agent of plaintiff, delivered the cotton to defendant to be ginned and packed for a consideration to be paid by plaintiff, defendant became a bailee for hire charged with all the obligations relating to the cotton as such bailee. It is also without dispute that Hill was the agent of plaintiff to do a specific thing, to wit, haul the seed cotton to the gin, deliver it to defendant, to instruct defendant to deliver the bale when ginned to the farm bureau, to pay the charges, and then to haul the seed back home and deliver them to plaintiff. Hill com-

pleted his agency when he had done this, and had no authority beyond these instructions. Hill therefore had no control over the bale of cotton after it was ginned, and could not under his agency have received it. The bale of cotton was then in the possession of defendant to be by it shipped to the farm bureau. As to what disposition the farm bureau made of the cotton did not concern this defendant; its duty was clear, and the bailment for hire continued until it made delivery of the cotton to the plaintiff or on his order. It is contended by defendant that, when the cotton was ginned, baled, and rolled out on its platform, its liability as a bailee for hire ceased, and that from then on such service as it rendered was a mere gratuity. With this we cannot agree. Where the manner of redelivery is specified the bailee must comply strictly therewith or will be liable in the event of negligent loss. Southern Railway Co. v. Jones Cotton Co., 167 Ala. 575, 52 So. 899; Municipal Imp. Co. v. Uvalde Asphalt Co. (Tex. Civ. App.) 76 S. W. 448; 6 C. J. 1142–96 (b). The delivery must in all cases be made to the person entitled thereto. Riddle v. Blair, 148 Ala. 461, 42 So. 560. In the instant case, the bailment for hire being conceded, it became the duty of defendant to make redelivery to plaintiff in accordance with instructions; that is, by shipping the bale of cotton to the farm bureau. The agency of Hill had ceased. He had no authority to receive the bale of cotton, and defendant's superintendent so recognized this. The court should have given plaintiff's charge 1 as requested.

Refused charge 2 was confusing, and for that reason was properly refused, in that the agent of the defendant is named as Coleman, when the evidence discloses that the superintendent acting for defendant in the transaction was named Whatley.

Plaintiff's refused charge 3 was covered by the court in his oral charge.

Plaintiff's refused charge 4 invades the province of the jury. It is for the jury to say what facts constitute negligence on the part of defendant in dealing with the bale of cotton.

Plaintiff's refused charges 5 and 6 state the law as applied to this case and should have been given. 5 Cyc. 201 (b).

Defendant's given charge A, when taken and considered in connection with the court's oral charge, was free from error.

Defendant's given charge B is in conflict with the foregoing opinion and was error. The undisputed evidence is that defendant did not deliver the bale of cotton to an agent of plaintiff who was authorized to receive it. Hill's agency with respect to the bale of cotton had ended with the giving of the instructions and defendant's agreement.

Other assignments of error are grouped in appellant's brief. Some of the rulings of the court included in the group were free from error.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.