**LOUISIANA & ARKANSAS RAILWAY CO. et al., Appellants,**

v.

**H. T. PRIDDY, D/B/A H. T. Priddy Co., et al., Appellees.**

No. 16306.

Court of Civil Appeals of Texas.

Fort Worth.

March 9, 1962.

Rehearing Denied April 6, 1962.

O. O. Touchstone, Dallas, for appellants.

Eugene D. Biddle; McDonald, Sanders, Nichols, Wynn & Ginsburg, and Atwood McDonald, Fort Worth, for appellees.

RENFRO, Justice.

H. T. Priddy, d/b/a H. T. Priddy Co., alleged in a petition filed in a district court of Tarrant County that he had prior to January 25, 1959, leased a certain described truck and trailer to Jean Casebolt Frozen Rolls, Inc., that on January 25 the truck and trailer, while in the possession of Jean Casebolt Frozen Rolls, Inc., were in a crossing collision in Hunt County with a train owned and operated by defendants, Louisiana & Arkansas and Kansas City Southern Railway Companies, doing several thousand dollars damage to said truck and trailer. Specific acts of negligence were alleged against all defendants. Jean Casebolt Frozen Rolls, Inc., filed an answer to plaintiff's suit and a cross-action against the two Railroad defendants. Jean Casebolt Frozen Rolls, Inc., was a resident of Tarrant County.

The Kansas City Southern filed its plea of privilege to be sued in Jefferson County and the defendant Louisiana & Arkansas Railway Company filed its plea to be sued in Hunt County. Both plaintiff and Jean Casebolt Frozen Rolls, Inc., filed controverting pleas. Plaintiff's controverting plea claimed venue in Tarrant County under subdivision 4 of Art. 1995, Vernon's Ann.Civ.Tex.St. Said plea set out that the negligence of each and all the defendants caused the damages and such acts of negligence, separately and concurrently, were the direct and proximate cause of plaintiff's damages.

The pleas of privilege were overruled.

The Louisiana & Arkansas Railway Company and the Kansas City Southern Railway Company will be referred to as nonresidents. Jean Casebolt Frozen Rolls, Inc., will be called Casebolt, and H. T. Priddy, d/b/a H. T. Priddy Co., will be called plaintiff.

The nonresidents argue their pleas of privilege should have been sustained because: no cause of action asserted in the plaintiff's petition and in cross-plaintiff's cross-action was proved upon the hearing; plaintiff's cause of action was based on separate acts of negligence on the part of the nonresidents and Casebolt in Hunt County while plaintiff attempted to prove breach of bailment contract on the part of Casebolt; there was no pleading or proof to sustain action of the trial court in overruling the nonresidents' pleas as to Casebolt; and subsection 4 of Article 1995, V.A.T.S., has no application.

On the hearing plaintiff testified that he owned the truck and trailer; he leased it to Casebolt; it was damaged in excess of $10,000.00 as a result of the collision; neither plaintiff nor his agents had any control or supervision of the equipment at the time of the collision; it was returned to him in the damaged condition. His testimony was not refuted. None of the defendants offered any evidence.

In Trammell v. Whitlock, 150 Tex. 500, 242 S.W.2d 157, the Supreme Court cited with approval Wigmore on Evidence, 3rd Ed., § 2508, wherein it is stated: " 'Where goods have been committed to a bailee, and have either been lost or been returned in a damaged condition, and the bailee's liability depends upon his negligence, the fact of negligence may be presumed, placing on the bailee at least the duty of producing evidence of some other cause of loss or injury.' " The Court then held: "Without prejudice to the burden of proof being at all times on the bailor, the bailor under this latter rule makes a prima facie or presumptive case of negligence by proving the bailment and either

the return of the goods by the bailee in a damaged condition, not existing at the time of their delivery to him, or a failure by him to return them at all. The rule is said to be based on the just and common sense view that the party in possession or control of an article is more likely to know and more properly charged with explaining the damage to it or disappearance of it than the bailor who entrusted it to his care. It is evidently supported by the weight of authority in the United 'States, including our own state. See cases collected in 8 C.J.S., Bailments, § 50, n. 87; 6 Am.Jur. (Rev.Ed.), Bailments § 371, n. 17; Rhodes v. Turner, Tex.Civ.App., 171 S.W.2d 208, mandamus to certify questions refused in Rhodes v. McDonald, 141 Tex. 478, 172 S.W.2d 972; Callihan v. Montrief, Tex. Civ.App., 71 S.W.2d 564, er. ref.; Alpine Forwarding Co. v. Pennsylvania R. Co., 2 Cir., 60 F.2d 734, 736; Gilland v. Peter's Dry Cleaning Co., 195 S.C. 417, 11 S.E. 857; Thomas v. Hackney, 192 Ala. 27, 68 So. 296."

Applying the above to the case before us we find that plaintiff made out a prima facie case of negligence against the resident defendant Casebolt.

■ In setting out the requirements plaintiff must meet to sustain venue against a nonresident under subsection 4, the Supreme Court in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, held that the plaintiff must allege in his petition a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits and "proof that the suit is of such nature is supplied by the plaintiff's petition, for it, as so often has been said, is 'the best and all-sufficient evidence of the nature of the action.'"

In the instant case there was but one collision. The plaintiff sued all three de-

fendants and alleged all three were separately and concurrently guilty of negligence causing the damage for which suit was brought. Plaintiff plead and proved a cause of action against the resident defendant. His petition shows that full redress cannot be obtained without suing all three. The cause of action against the resident defendant is so intimately connected with the cause of action alleged against the nonresidents that the three may be joined to avoid multiplicity of suits.

■ We see no error in the action of the court in overruling the nonresidents' pleas of privilege as to Casebolt's cross-action. Its cross-action is so intimately related to plaintiff's cause of action that they should be tried together to avoid a multiplicity of suits.

■ Our holding that the nonresidents were properly joined in Tarrant County under subsection 4 necessitates our overruling the nonresidents' contention that, in order to hold the nonresidents in Tarrant County, the plaintiff was required to allege and prove that the nonresidents were guilty of negligence in Tarrant County. The nonresidents point out that, under the provisions of subdivision 9a, the venue facts necessary for plaintiff to establish by a preponderance of the evidence to sustain venue in a negligence case in a county other than the county of defendant's residence are: (1) that an act or omission of negligence occurred in the county where suit was filed; (2) that such an act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment; (3) that such negligence was a proximate cause of plaintiff's injuries.

Subdivision 9a gives the plaintiff the option to sue a defendant in a negligence case in the county of defendant's residence or in the county where the negligence occurred. It does not purport to supplant or repeal subsection 4 involving two or more defendants, one of whom is a resident of

the county where suit is brought, hence is not controlling as to a nonresident who has been properly joined in suit in the county of the residence of his co-defendant or defendants.

Here plaintiff brought suit and proved a cause of action against a resident of Tarrant County in Tarrant County. We hold that the nonresidents, under the record made, were proper parties under subsection 4 and the trial court did not err in overruling the pleas of privilege.

Judgment is affirmed.