**Robert A. BYRD, Jr., et al., Appellants,**

**v.**

**B. H. BUCHANAN, Appellee.**

**No. 4711.**

Court of Civil Appeals of Texas, Eastland.

July 19, 1974.

Rehearing Denied Aug. 16, 1974.

James H. Holmes, III, Burford, Ryburn & Ford, Dallas, for appellants.

Jack G. Kennedy, Kennedy & Minshew, Sherman, for appellee.

RALEIGH BROWN, Justice.

This is a suit for damages for the value of a horse owned by B. H. Buchanan. The horse was killed by a train at a time when it was being boarded on the property of Robert A. Byrd, Jr. and J. D. Barksdale. Buchanan contended a bailor-bailee relationship existed between the parties and that Byrd and Barksdale were negligent in not containing the animal. Trial without a jury resulted in a $1930 judgment for Buchanan. Byrd and Barksdale appeal contending that the trial court erred in rendering judgment for Buchanan because there was no evidence of any negligent act on their part that proximately caused the loss.

Buchanan relies on the rule that there is a prima facie presumption of negligence on the part of a bailee when the bailor proves a bailment for mutual benefit, a delivery of the chattel to the bailee, and a failure of the bailee to redeliver. Trammell v. Whitlock (1951), 150 Tex. 500, 242 S.W. 2d 157; Zable v. Huff, 432 S.W.2d 717 (Tex.Civ.App.—Amarillo 1968); Big "D" Auto Auction, Inc. v. Harley Hightower, 368 S.W.2d 881 (Tex.Civ.App.—Eastland 1963).

If there were no other evidence, the rule relied upon would authorize Buchanan to prevail. However, in the case at bar, Byrd and Barksdale offered evidence that the premises were in good repair, that no repair was made to the premises following the horse's escape, that no damage was found to the premises, that all fences were in good condition and none damaged, that a caretaker lived on the premises, and that neither Buchanan nor his daughter, who primarily rode the horse, ever made any complaint about the condition of the premises.

Our Supreme Court in Trammell v. Whitlock, supra, stated:

"The defendant-petitioner is correct in his contention that the burden of proof on the whole case, including the issue of negligence, is on the respondent bailor, but as stated in Wigmore on Evidence, 3rd Ed. § 2508, 'Where goods have been committed to a bailee, and have either been lost or been returned in a damaged condition, and the bailee's liability depends upon his negligence, the fact of negligence may be presumed, placing on the bailee at least the duty of producing evidence of some cause of loss or injury.' Without prejudice to the burden of proof being at all times on the bailor, the bailor under this latter rule makes a prima facie or presumptive case of negligence by proving the bailment and either the return of the goods by the bailee in a damaged condition, not existing at the time of their delivery to him, or a failure by him to return them at all. The rule is said to be based on the just and common sense view that the party in possession or control of an article is more likely to know and more properly charged with explaining the damage to it or disappearance of it than the bailor who entrusted it to his care. It is evidently supported by the weight of authority in the United States, including our own state. See cases collected in 8 C.J.S., Bailments, § 50, n. 87; 6 Am.Jur. (Rev.Ed.), Bailments § 371, n. 17; Rhodes v. Turner, Tex.Civ.App., 171 S. W.2d 208, mandamus to certify questions refused in Rhodes v. McDonald, 141 Tex. 478, 172 S.W.2d 972; Callihan v. Montrief, Tex.Civ.App., 71 S.W.2d 564, err. ref.; Alpine Forwarding Co. v. Pennsylvania R. Co., 2 Cir., 60 F.2d 734, 736; Gilland v. Peter's Dry Cleaning Co., 195 S.C. 417, 11 S.E. 857; Thomas v. Hackney, 192 Ala. 27, 68 So. 296.

As pointed out by Judge Learned Hand in the Alpine Forwarding Co. case, supra: 'The presumption on which the bailor may rely is a mere rule for the

**380**

conduct of the trial. It puts upon the bailee the risk of a directed verdict if he does not meet it, but it does no more; once he has done so, it disappears from the case. Thus, it can never concern the jury'. See also the Gilland and Thomas cases last above cited."

■ In the present case, findings of fact and conclusions of law were not requested or filed. Therefore, as stated by our Supreme Court in Bishop v. Bishop, 359 S.W.2d 869 (Tex.1962):

". . . the judgment of the trial court should be affirmed if it can be upheld on any legal theory that finds support in the evidence."

■ The undisputed evidence showed that the horse was killed by a train outside the premises owned and used by Byrd and Barksdale. There is no evidence that Byrd, Barksdale, their servants or agents did anything that a person of ordinary prudence would not have done under similar circumstances or failed to do something that a person of ordinary prudence would have done under the same or similar circumstances.

Buchanan's counsel in opposing Byrd's and Barksdale's motion for an instructed verdict stated:

"Yes. With regard to the statements on negligence and proximate cause, we have not made this a negligence case and therefore any pleading or proof will not be part of our theory of our case and not required as part of our cause of action. We based the case solely on a bailment theory . . ."

Under the rules as previously announced in Texas and the record before this court, after Byrd and Barksdale met the presumption, it became necessary for Buchanan, in order to prevail, to establish the negligence of Byrd and Barksdale. This he failed to do. There being no evidence of negligence, the judgment is reversed and the cause rendered that Buchanan take nothing.