# Black v. Black.

## Divorce and Alimony.

(Decided February 8, 1917. 74 South. 338.)

1. **Divorce; Decree; Sufficiency of Evidence.**—Evidence showing husband's habits as to use of intoxicants, threats, and violence to the wife and conviction for assault and battery upon her, held sufficient for granting of a divorce decree under Code 1907, § 3795, allowing such decree for husband's cruelty.

2. **Divorce; Condonation; Conditioned on Husband's Conduct.**—Condonation by wife because of her return to husband upon his promises to accord her proper treatment is always conditioned upon his conduct.

3. **Divorce; Condonation; Acts Constituting.**—Where, after separation for husband's cruelty, the wife returned and lived with him for two months upon

[Black v. Black.]

his promise to accord her proper treatment, which promise was not kept, there was no such condonation as will defeat the allowance of divorce decree to her.

4. **Divorce; Permanent Alimony; Excessive Amount.**—Where husband, aged 47, owned a farm worth over $1,000, a store worth over $500, and live stock, all unincumbered, and had an income between $500 and $1,000, and wife owned a small farm given her by her father, award of $200 annually as alimony, held not excessive where the decree was left subject to modification.

APPEAL from Lamar Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by Cora Black against J. B. Black for divorce and alimony. From a decree for complainant respondent appeals. Affirmed.

Suit by the wife against the husband for divorce, on the ground of drunkenness and cruelty, and for alimony, including reasonable attorney's fees. The chancellor retained full control over the cause, ordering that the decree be subject to change or modification as to custody of the children and the amount and manner of payment of alimony as the court may deem proper in the future.

There was evidence tending to show the habits of respondent as to the use of intoxicants and as to acts of violence upon the wife, cruel threats, etc., and that he was convicted and fined in the county court for assault and battery upon his wife. There was also evidence to show that the respondent owned 215 acres of land, variously estimated to be worth from $1,000 to $2,500, on which was located his home and a store-house in which he conducted a mercantile business worth from $500 to $1,200. He also owns some live stock, wagons, buggies, etc., all of which property appears to be unincumbered. Respondent is also engaged in farming and in the active practice of the medical profession, and the chancellor concluded that his annual income exceeded $500, but was "probably less than $1,000."

The complainant owns a small farm adjoining that of her husband, given her by her father, and she is now residing with her father.

From the decree rendered in favor of complainant, the respondent appeals.

J. C. MILNER for appellant. WALTER NESMITH for appellee.

GARDNER, J.—(1) The complainant in the court below was awarded a divorce on the ground of cruelty, under the pro-

visions of section 3795 of the Code. A discussion of the evidence would serve no good purpose, and on the contrary would but bring into bold relief the details of the domestic unhappiness of these parties. Suffice it to say, the evidence in this record has been most carefully considered, and we have reached the conclusion that there is no just reason for disturbing the decree of the court below.

(2, 3) Much stress is laid by counsel for appellant on what they term a *condonation* on the part of the wife, because of her return to her husband and living with him for more than two months after having left him on account of his cruel treatment of her. It is well recognized that in cases of this character condonation is always conditional. We are persuaded that at the time of the first separation the husband went to the wife for the purpose of having her return to him, and that on solemn promise on his part that she would be accorded proper treatment she was persuaded to go back with him, and that after her return these promises were not kept. We do not quote the language, but are convinced that what was said in *Reese v. Reese*, 23 Ala. 785, and *Turner v. Turner*, 44 Ala. 437, upon the question of condonation in cases of this character is fully applicable here.

(4) It is insisted by counsel for appellant that the amount awarded as permanent alimony is excessive. The above statement of the case suffices as a general outline of the evidence upon which the chancellor based this allowance, and the court below retains control over the cause for any modification of the same should justice require it.

The respondent is 47 years of age; he is engaged in farming, merchandising, and in the active practice of medicine. His indebtedness appears to be very small, with no incumbrances upon any of his property. The chancellor concluded that "his annual income exceeds $500, but that it is probably less than $1,000." We are well convinced on consideration of the evidence that the award of $200 a year alimony should not be disturbed as excessive.

The decree of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.