165 So. 235

## WALDREP v. WALDREP.

### 8 Div. 676.

Supreme Court of Alabama.
Jan. 16, 1936.

A. H. Carmichael, of Tuscumbia, and J. Foy Guin, of Russellville, for appellant.

Travis Williams and William Stell, both of Russellville, for appellee.

BOULDIN, Justice.

Upon a full and careful consideration of the evidence, direct and circumstantial, weighing each portion in the light of the whole, and of the rules which aid in considering the probative force of the testimony of the several witnesses, it is our guarded conclusion and judgment that complainant was and is entitled to the decree of divorce as entered by the trial court.

The decree awarding the custody of the little girl to complainant is also approved.

No discussion of details will be indulged. A due regard for the interests of all concerned forbids.

Permanent alimony in such cases is now a matter of discretion in the court granting the divorce. Code, § 7420, as amended, Gen. Acts 1933, Ex.Sess., p. 119. While a judicial, not an arbitrary, discretion (Sharp v. Sharp, 230 Ala. 539, 161 So. 709), we cannot say there was here an abuse of such discretion. We will not go into details on this question.

On application, a decree for alimony pendente lite was entered, and same was duly paid. The same application included an allowance for counsel fees. The trial court decreed that respondent recover of complainant the "sum of $150.00, as a temporary allowance for counsel fees, * * * and that otherwise the question of counsel fees is reserved pending the entry of final decree herein." Said temporary allowance was paid. On final decree, a further allowance was denied. While this voluminous record discloses labor and responsibility on the part of respondent's counsel for which a reasonable fee would much exceed the allowance, as also shown by competent witnesses on the hearing, the question is: Under all the circumstances, was the respondent entitled to have a further allowance decreed against complainant?

Again omitting details, we are of opinion the finding of the trial court on this issue should not be disturbed.

Affirmed.

GARDNER, FOSTER, and KNIGHT, JJ., concur.