48 So.2d 200

**ATKINS v. ATKINS.**

**6 Div. 4.**

Supreme Court of Alabama.

Oct. 12, 1950.

½

Roger F. Rice, of Birmingham, for appellant.

Ida D. Rosenthal, Rosenthal & Rosenthal, Jas. W. Aird and E. Corina, all of Birmingham, for appellee.

STAKELY, Justice.

The bill was filed in this case by the wife against her husband for separate maintenance and the custody of their minor child. The child is a boy two and one-half years of age. The bill alleges the cruel and inhuman attitude of respondent toward complainant and a reasonable apprehension of actual violence on her person attended with danger to her life or health. The case was tried orally before the court resulting in a decree for the complainant awarding to her custody and control of the child with certain rights of visitation to the respondent. The decree ordered the respondent to pay to complainant the sum of $80.00 a month for support of herself and the child. The decree also ordered respondent to pay to complainant the sum of $175 as attorney's fees, this to be in addition to the sum of $125 which the court allowed pendente lite.

The proof in the case showed that the complainant has no estate and that the husband's income aggregates $310 per month. He receives a salary of $200 per month and in addition thereto receives disability benefits from the government of $110 per month.

Much stress is laid in brief of appellant on what is termed a condonation on the part of the wife because of her return to her husband during the trial of the cause. It is well recognized that in cases of this character condonation is conditional. Tendencies of the evidence show that her return was based on the promise that she would be accorded proper treatment and that this promise was not kept. Black v. Black, 199 Ala. 228, 74 So. 338. See Harbin v. Harbin, 249 Ala. 616, 32 So.2d 537.

We may further add that it is a general rule that the husband is the head of the family and as such has the right to select his own domicile. But each case must be determined on its own facts. The husband must have due regard for the welfare, comfort and peace of mind of the wife. Every wife is entitled to a home corresponding with the circumstances and condition of her husband over which she shall be permitted to preside as the mistress. He should not arbitrarily require his wife,

274

against her will, to reside in the family of his mother, especially in a subordinate capacity. Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L.R.A.1917D, 773.

A further discussion of the evidence would serve no good purpose. Suffice to say that the evidence has been carefully considered and we have reached the conclusion that there is no just reason for disturbing the decree of the lower court.

Application is made to us for allowance of an attorney's fee for representation of the appellee on this appeal. Motion is made by the appellant to dismiss the application because it was filed after submission of the cause was made to this court. A matter of this kind rests in our discretion and we see no good reason why the allowance should not be made. The petition is granted and an allowance is here made in the amount of $125, which we consider adequate under all the circumstances. Sims v. Sims, 253 Ala. 307, 45 So.2d 25; Walling v. Walling, 253 Ala. 337, 45 So.2d 6; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645.

The decree of the lower court is hereby affirmed with additional allowance of amount for attorney's fee on appeal.

Affirmed with an allowance of an amount for attorney's fee.

BROWN, FOSTER and LAWSON, JJ., concur.