86 So.2d 286

Clarence Artie SPENCER

v.

Marilyn Hughes SPENCER.

6 Div. 967.

Supreme Court of Alabama.

March 22, 1956.

John A. Altman, Carrollton, for appellant.

W. A. Davis, Aliceville, for appellant.

MERRILL, Justice.

This appeal is from a decree of the Circuit Court of Pickens County, in Equity.

Appellee, complainant and cross respondent below, filed a bill on August 25, 1954, in which she sought a divorce from appellant, custody of a minor child, Sharon Spencer, two and one-half years old, and alimony for support and maintenance. The bill alleged, inter alia, that on the 9th day of August, 1954, while appellee and appellant were living together as husband and wife, appellant kicked appellee in the region of her female organs with such force and violence that said female organs were torn and lacerated to such an extent as to necessitate immediate hospital treatment; that at the time of said act appellee was three months pregnant with child; that said act was accompanied with grave threats to the life and health of appellee. The bill further alleged that one child, Sharon Spencer, two and one-half years of age, had been born of the marriage and that said child was then in the custody of appellee at her father's home near Columbus, Mississippi. Appellee prayed that she be granted a divorce from appellant; that appellant pay to appellee a sufficient amount of money to provide for the support and maintenance of herself, the minor child,

Sharon, and the child yet to be born; and that custody of Sharon be awarded to appellee.

Appellant filed an answer and cross-bill in which he denied the commission of any acts constituting cruelty and incorporated therein by reference and exhibit attached thereto the complete proceedings of an action in the Circuit Court of Tuscaloosa County, in Equity. Those proceedings reveal that in August, 1953, appellant filed a bill seeking a divorce from appellee on the grounds of adultery and asked for custody of Sharon, then 17 months old. Appellee filed an answer denying the allegations of adultery but waiving her right to be present or represented by counsel at the hearing and submission of the cause. After the taking of testimony the court in Tuscaloosa County rendered a decree granting a divorce to appellant on the grounds of adultery and also granted to him custody of the child. In September, 1953, appellant and appellee petitioned the Circuit Court of Tuscaloosa County, in Equity, to set aside and hold for naught the decree previously rendered stating that the appellant had condoned the acts alleged in his complaint and the parties desired to remain together as husband and wife. The court granted this petition and decreed that the status of marriage and matrimony which existed between appellant and appellee prior to the rendition of the divorce decree be re-established as though said divorce had not been rendered.

Appellant further alleged in his answer and cross-bill in the instant case that subsequent to these proceedings in Tuscaloosa County, appellee became pregnant by committing an act or acts of adultery with a man or men; that appellee "has been guilty of conjugal unkindness" to appellant; that appellee "is not a fit, proper, or suitable person to have the care, custody and control" of the minor child; and that the environment in which the child is being reared is not fit or suitable for a child of tender age. The prayer of the cross-bill is that appellant be divorced from appellee and granted custody of the child.

On January 12, 1955, appellant filed a petition in which he prayed that the child, Sharon Spencer, be brought before the court and kept within the jurisdiction of the court until final disposition of the cause. On January 31, after hearing testimony for the appellant, the court issued a decree ordering that the child be placed in the care, custody, control and supervision of the Director of the Pickens County Welfare Department and that the appellant support the child in Alabama and within the jurisdiction of the court. He further ordered that the appellee deliver the child to the said Director.

Testimony for the appellee and further testimony for the appellant was taken at various times by the court, and on September 12th, 1955, the court rendered a decree which, in substance, granted appellee a divorce on the grounds of cruelty, temporary custody of the minor child, Sharon Spencer, permanent custody of a child born to appellee during the course of these proceedings, and alimony payments in the amount of $75 per month for the support and maintenance of the appellee and the minor children. As a condition to the granting of the temporary custody of the child, Sharon, the decree further provided that appellee make a good and sufficient bond to be approved by the Register and Judge of the court for the return of the child pending the appeal of the decree or further orders of the court.

■ In assignments of error 44 through 94 inclusive, and in assignment of error 97, appellant contends that the court below erred in sustaining objections to questions posed by counsel for appellant. To set out herein the questions asked and the rulings thereon would serve no useful purpose and would unduly lengthen this opinion. Let it suffice to state that we have given careful consideration to the matter presented by each of these assignments of error and upon such consideration we are unable to find any error calling for a reversal of this cause. All of the questions refused were subject to one or more grounds of objection. The bulk of them, if allowed, would have injected matter having no relevancy to or bearing on the issues in this case.

Fourteen assignments of error relate to the action of the court in granting temporary custody of the minor child, Sharon, to the appellee. It is contended that the evidence adduced showed that the interests of the child would be best served by awarding custody to the appellant.

A reading of the record in this case manifests to us the difficulty of the task which confronted the trial judge in his endeavor to ascertain the proper party to whom to award the custody of this child. There is evidence in the record which, if believed, shows that neither party was blameless in bringing on the difficulties leading to this action. Appellant made known to the court below that he was not interested in obtaining partial custody of the child.

Before rendering the decree from which this appeal is prosecuted, the trial judge made an oral statement, a portion of which is as follows:

"I'm forced to act now and this, gentlemen, is my judgment. I had hoped things would settle down. * * * I had hoped the record would not be made public. That little girl will not stay three years old. She will grow up and I wouldn't have her see that mess in there that shouldn't be in there for anything in the world. I feel that the best place for that child is with its mother. I find no fault with Mr. Spencer's character. I think it's good though there's been some testimony about gambling and drinking and it's not been denied.

"This is a big burden and I've worried about this case. My burden goes beyond yours. It's sad—a child here—home broken up. I wanted to save this home and I couldn't do it. I judged from the pleadings it was going to get down pretty bad and things have been told that Mr. Spencer had already condoned, and she was good enough for him to live with and to rear his child.

"The custody will be temporary and I'm hoping something can be worked out. If people can work out things it has a good effect on them that their rights are respected by the Court and I like for that to be done. I feel that Mr. Spencer loves his child and I feel like Mrs. Spencer does. I'm going to let her have the child under $2,000.00 bond pending the appeal of the case or settlement of the case."

All the evidence in this case was taken ore tenus by the trial court and his findings thereon will not be disturbed by this court unless plainly and palpably wrong. Gardiner v. Willis, 258 Ala. 647, 64 So.2d 609(1) and cases therein cited.

Other assignments of error complain of the action of the court below in turning the child over to the Director of the Welfare Department of Pickens County during the proceedings below. Without intimating any opinion as to the correctness vel non of this action, nothing is here presented for our review or action in this regard.

As has been so often stated by this court, the paramount consideration, in determining the question of custody of a child of divorced parents, is the welfare of the child. Andrews v. Sullivan, 260 Ala. 291, 69 So.2d 870; 8 Ala.Dig., Divorce, ☞298(1); 12 Ala.Dig., Infants, ☞19. We are not persuaded that the welfare of the child herein will be better served by awarding custody to the appellant and we will thus not disturb the decree rendered by the trial court, especially since the question of the welfare of the child was almost totally one of fact.

This opinion disposes of matters raised in sixty-six assignments of error and it is not necessary to consider the remaining thirty-six.

Affirmed.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.