108 So.2d 166

**Ottis ATKINS**

v.

**Lessie ATKINS.**

6 Div. 355.

Supreme Court of Alabama.

Jan. 8, 1959.

James & Rutledge, Haleyville, for appellant.

Posey & Posey, Haleyville, for appellee.

Johnson & Randall, Oneonta, for appellant.

Jack Martin Bains, Oneonta, for appellee.

MERRILL, Justice.

Lessie Atkins filed a bill of complaint against her husband, Ottis Atkins, for a divorce, charging him, among other things, with cruelty. No question of alimony or custody of children was involved. The trial court granted the divorce on the ground of cruelty.

Appellant contends that the evidence was insufficient to support the decree.

The parties are mature adults. They have four living children, all of whom are over twenty-one except a boy, nineteen, who lives and works away from home.

Lessie Atkins testified that respondent had hit and slapped her, had drawn a knife on her and told her he was going to kill her. It developed that these acts had occurred several years before the bill for divorce was filed. But, she also testified that he had recently threatened her just before he left for a visit to Florida by saying that "when I get my gun for you, I will do worse to you than I did Doyle." Doyle was one of their sons whom, she said her husband had put out of the house at the point of a gun. She further testified that she was afraid of her husband and afraid to live with him. We have held such testimony to be admissible. Hardie v. State, 260 Ala. 75, 68 So.2d 35; Ingram v. State, 252 Ala. 497, 42 So.2d 36; Alabama Power Co. v. Edwards, 219 Ala. 162, 121 So. 543.

A divorce will be granted to either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when, from his or her conduct, there is reasonable apprehension of such violence. Tit. 34, § 22, Code 1940, as amended. And the burden of proof is upon the complaining party to establish the statu-

tory grounds for divorce. Barnett v. Barnett, 266 Ala. 489, 97 So.2d 809; Ussery v. Ussery, 259 Ala. 194, 66 So.2d 182; Hammon v. Hammon, 254 Ala. 287, 48 So. 2d 202.

■ Appellant insists that the one alleged act of violence, several years before the present separation, cannot, standing alone, warrant a dissolution of the bonds of matrimony. We agree with this statement. But, in a divorce action predicated on the ground of cruelty, condonation is conditional and a renewal of the causes of complaint revives the right of the condoning party to insist on the former offense. Weems v. Weems, 255 Ala. 210, 50 So.2d 428; Atkins v. Atkins, 254 Ala. 272, 48 So. 2d 200; Black v. Black, 199 Ala. 228, 74 So. 338; Turner v. Turner, 44 Ala. 437; Reese v. Reese, 23 Ala. 785.

■ Lessie Atkins further testified that her husband owns a gun, that he threatened to "get rid of himself" and to "shoot his brains out" and that she is afraid of him and afraid to live with him. Actual violence on the part of the husband is not necessary to constitute legal cruelty. Any conduct on his part which furnishes reasonable apprehension that the continuance of the cohabitation would be attended with bodily harm to the wife is cruelty. Sams v. Sams, 242 Ala. 240, 5 So.2d 774; Harris v. Harris, 230 Ala. 508, 162 So. 102, 103; Smedley v. Smedley, 30 Ala. 714.

■ We have carefully considered all the testimony in this case and there are some irreconcilable conflicts in the evidence. We feel, however, that there is sufficient evidence to support the allegations that from his manner and conduct towards her, Lessie Atkins had a reasonable apprehension of violence, attended with danger to her life or health, and that the divorce was properly granted. The decree of the lower court is due to be affirmed.

Affirmed.

LAWSON, STAKELY and GOODWYN, JJ., concur.