180 So.2d 277

**Addie Austell WHITE**

v.

**John Earnest WHITE.**

**2 Div. 479.**

Supreme Court of Alabama.

Nov. 18, 1965.

Theodore L. Wade and John W. Lapsley, Selma, for appellant.

Pitts & Pitts, Selma, for appellee.

MERRILL, Justice.

Appeal by the wife from a decree granting the husband a divorce on the grounds of cruelty and awarding alimony to appellant in the sum of $40 per month.

The husband filed the bill of complaint charging cruelty and the wife answered, alleging that her husband had abandoned her, had refused to live with or support her; that he did not come into court with clean hands because he has been living in adultery with one Bobbie Sewell, and she denied that he was forced to leave her because of any cruel or inhuman treatment of him.

After hearing the witnesses, the court granted the husband a divorce on the ground of cruelty; ordered him to pay $40 per month alimony; ordered the wife to give the keys to a safety deposit box to her husband and to deliver the papers in the box to the register in chancery; and ordered a lien placed upon a paid-up life insurance policy of $5,000 to guarantee the payment of alimony.

Appellant argues that the court erred in granting the divorce for cruelty; that the adultery of her husband was proven and the bill should have been dismissed; and that the alimony allowance was grossly inadequate.

At the time of the trial, the husband was 73 years of age, his wife 72. They had been married in 1912 and have three adult children. He owned a plantation in Perry County, consisting of 1,037 acres, and about two weeks before their separation on November 15, 1962, he deeded to his wife an undivided one-half interest in the property.

Appellee testified that on November 7, his wife hit him on the head with a piece of wood, that she threatened him and on November 14, "She said that she would take a razor and cut what I had off while I was asleep," and that he was scared and left the next day. He said she had abused him, called him vile names, and that from her acts and conduct, he had reasonable apprehension to believe that if he continued to live with her, that she would commit actual violence on him, attended with danger to his life or health. The wife denied threatening him with a razor, and denied hitting him with a piece of wood, saying, "I just touched him on the arm with it."

There was no direct evidence of adultery on the part of the husband with Bobbie Sewell, although there could have been ample opportunity and there were some suspicious circumstances. The appellee denied that he had ever had sexual intercourse with the Sewell woman.

When a spouse is charged with adultery, the proof must be such as to create more than a suspicion, but be sufficient to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference. Hendrix v. Hendrix, 250 Ala. 309, 34 So.2d 214, and cases there cited.

The trial court saw and heard the witnesses and we are unable to say that he should have reached the decision that appellee had committed adultery with Bobbie Sewell as a necessary inference from the evidence.

Reverting to appellant's contention that the evidence did not sustain the finding of the trial court, we cannot agree. Actual violence on the part of a spouse is not necessary to constitute legal cruelty. In Atkins v. Atkins, 268 Ala. 428, 108 So.2d 166, we said:

"A divorce will be granted to either party to the marriage when the other has committed actual violence on his or her person, attended with danger to life or health, or when, from his or her conduct, there is reasonable apprehension of such violence. Tit. 34, § 22, Code 1940, as amended. And the burden of proof is upon the complaining party to establish the statutory grounds for divorce. Barnett v. Barnett, 266 Ala. 489, 97 So.2d 809; Ussery v. Ussery, 259 Ala. 194, 66 So.2d 182; Hammon v. Hammon, 254 Ala. 287, 48 So.2d 202."

We think the conclusion reached by the trial court is supported by the Atkins case, Weems v. Weems, 255 Ala. 210, 50 So.2d 428; George v. George, 255 Ala. 190, 50 So. 2d 744; Carr v. Carr, 171 Ala. 600, 55 So. 96.

The final question raised is the adequacy of the allowance of $40 per month for the wife.

█ It is undisputed that all appellee owns is the other one-half interest in the plantation, the paid-up insurance policy of $5,000, and $250 worth of stock. He testified that he "was living off of Social Security." He sometimes helped Bobbie Sewell, sell produce and sometimes did a little trapping. Appellant had never worked for wages, but she drew $38.71 Social Security.

Title 34, § 31, Code 1940, provides:

"If the wife has no separate estate, or if it be insufficient for her maintenance, the judge, upon granting a divorce at his discretion may decree to the wife an allowance out of the estate of the husband, taking into consideration the value thereof and the condition of his family."

This is a judicial, not an arbitrary discretion. Waldrep v. Waldrep, 231 Ala. 390, 165 So. 235. It is proper to consider the husband's earning capacity and income when alimony is awarded under this section. Thomas v. Thomas, 233 Ala. 416, 172 So. 282. We cannot say that the trial court abused that discretion. Authorities supra.

█ Our decision on each of the three points raised on this appeal have been influenced strongly by the rule that where the evidence was taken orally before the trial judge, his judgment will not be disturbed on appeal unless plainly wrong, since his findings from the evidence have been likened unto the verdict of a jury. Mallory v. Mallory, 272 Ala. 464, 131 So.2d 703; Spencer v. Spencer, 264 Ala. 196, 86 So.2d 286. We cannot say that the decree was plainly wrong. Mallory v. Mallory, supra, Sills v. Sills, 246 Ala. 165, 19 So.2d 521.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.