215 So.2d 591

Everette M. STAIRS

v.

Glenda A. STAIRS.

8 Div. 275.

Supreme Court of Alabama.

Oct. 31, 1968.

264

Humphrey, Lutz & Smith, Huntsville, for appellant.

J. D. Carroll, Jr., Huntsville, for appellee.

LAWSON, Justice.

This is an appeal from a decree granting a divorce to the wife on the ground of cruelty, awarding her the primary custody and control of the two minor daughters of the parties, and awarding to the wife support for the minor children and attorney's fees.

The parties were married on February 1, 1952, and separated on October 7, 1966. The bill was filed by the wife on December 8, 1966, at which time the two daughters were thirteen and nine years of age.

The appellant, the husband, argues his assignments of error to the effect that the evidence is insufficient to support a decree of divorce in favor of appellee on the ground of cruelty.

It would serve no useful purpose to relate the evidence in detail as it bears upon this question and we will content ourselves with a brief reference to the evidence which, in our opinion, supports the decree of the trial court. § 66, Title 13, Code 1940; Roubicek v. Roubicek, 246 Ala. 442, 21 So.2d 244.

There were contradictions in the testimony, but the case was heard ore tenus by the trial court. Where a cause is so tried, the findings of the trial court from the evidence will not be disturbed on appeal unless plainly wrong, inasmuch as the trial court's findings from the evidence are likened unto the verdict of a jury. White v. White, 278 Ala. 682, 180 So.2d 277; George v. George, 255 Ala. 190, 50 So.2d 744.

As ground for divorce the bill alleged:

"Your complainant avers and charges that the Defendant did, on or about the 7th day of October, 1966, threaten to kill her, jerked and grabbed her by the shoulders and shook her to such a point that she was in fear of her life; that he has on numerous occasions threatened to kill her and threatened to kill or harm the children; that he has put her in apprehension of harm and she is reasonably convinced from his manner and conduct toward her that he will commit actual violence upon her person attended with danger to her health and life."

The testimony does not support a finding that the defendant threatened to kill the plaintiff or jerked and grabbed her by the shoulders and shook her on the 7th day of October, 1966, as alleged.

However, the wife testified that on either the first or second Friday night in September, she came home from a birthday party which had been given for two of her women friends and found the appellant in a state of anger and, following an argument between the parties, the appellant held appellee's shoulders and shook her rather hard and shoved her against the door of the kitchen and said, "I ought to kill you."

The older daughter of the parties was unable to remember the exact date on which the incident occurred, but she testified that after hearing her mother scream, "Leave me alone," she got out of bed and went into the kitchen and when she arrived there her father, the appellant, had her mother "pinned into the corner of the kitchen."

The appellant argues that such testimony constitutes such a variance between the pleading and proof as not to be sufficient upon which to authorize a decree of divorce on the ground of actual cruelty.

We do not agree. See Kerr v. Blair, 47 Tex.Civ.App. 406, 105 S.W. 548; Texas & N. O. R. Co., v. Weems et al., (Tex.Civ. App.) 184 S.W. 1103; Mazzarella v. Whelan, 276 Pa. 313, 120 A. 141; Pelphrey v. Diver (Ct. of Civ.App. of Tex.), 348 S.W.2d 453; Blair v. Riddle, 3 Ala.App. 292, 57 So. 382.

There was also testimony given by the wife, supported by the older daughter, to the effect that on an occasion after the divorce proceeding was filed, during a conversation between the parties in the vicinity of a bowling alley, an argument arose between the appellant and appellee as to who was entitled to the possession of some golf clubs and that on that occasion the appellant took hold of the appellee's arm and hit her across the face and knocked her against an automobile. In regard to this incident the wife further testified: "He hit me one more time and the rest of the time he was just shoving me. And he had his arm around my head at one point—my head was under his arm, and he picked me off the ground and shook me quite a bit and threw me against the car."

We do not wish to be understood as indicating that the decree of divorce could be based alone on the incident which occurred after the suit for divorce was filed, but the testimony relative to that incident could be considered by the trial court in connection with the other testimony of the appellee to the effect that the appellant had committed actual violence upon her person.

Even if the evidence was not sufficient to warrant a divorce on the ground of actual cruelty, the trial court was fully justified, in our opinion, in awarding the divorce to the wife on the ground of cruelty.

It is not necessary to authorize the granting of a divorce to the wife on the ground of cruelty that she allege and prove that the husband has committed actual violence on her person attended with danger to life or health. Proof of a course of conduct on the part of the husband sufficient to create a reasonable apprehension that he will commit such violence on her person, attended with danger to her life or health, is sufficient to meet the requirements of the statute. § 22, Title 34, Code 1940; George v. George, supra, and cases cited; White v. White, supra; Ross v. Ross, 279 Ala. 50, 181 So.2d 491; Atkins v. Atkins, 268 Ala. 428, 108 So.2d 166.

The wife testified that on several occasions prior to their separation on October 7, 1966, her husband, the appellant, while angry, threatened to kill her and to kill the children if she attempted to leave him and take the children with her. The evidence further shows that on October 18th following the separation on October 7, 1966, the defendant came to the home occupied by the wife and her two daughters. This visit followed a telephone conversation during which the husband was emotionally upset. When the plaintiff saw the defendant approaching her place of abode, she went into her bedroom and called the police. She was talking to the police on the telephone when she heard the sound of glass being broken. Appellant forced his way into the appellee's home, entered her bedroom, jerked the telephone out of her hand and threw it at her. Appellee testified that if she had not "dodged," the phone would have hit her but it hit against the wall. The appellee's testimony in regard to this incident was substanti-

ated by the testimony of the older daughter.

We are clear to the conclusion that under the evidence the trial court was fully justified in awarding the divorce on the ground of actual violence and on the ground that the evidence showed a course of conduct on the part of the defendant sufficient to create reasonable apprehension by the wife, the plaintiff, that the defendant would commit violence on her person attended with danger to her life or health. George v. George, supra; Ross v. Ross, supra; Atkins v. Atkins, supra; White v. White, supra.

The appellant next contends that the trial court erred in awarding primary custody of the minor children to appellee, mother of the children, in that the evidence shows her to be an unfit person to have their custody.

■ Appellant's insistence that the mother is unfit to have the custody is based on the testimony given by the mother herself that approximately nine years prior to the separation, while married to, but separated from, appellant, she lived in adultery with another man for approximately two months. The record tends to show that during this period of time she had in effect been abandoned by the husband and while that fact certainly does not justify the wife's conduct, it is a matter which the trial court could take into consideration in evaluating the wife's fitness to have custody of the minor children.

There is no contention made that such conduct had not been condoned by the husband. The parties began to live together as man and wife within a short period of time after the adulterous relationship was terminated and, as far as this record discloses, during the ensuing years the wife has conducted herself in a proper manner and has been a good mother to her children.

We have said that such conduct on the part of the wife can be considered as an ad-judication of her relative unfitness to have custody. See Hanby v. Hanby, 229 Ala. 527, 158 So. 727; Johnson v. Johnson, 215 Ala. 487, 111 So. 207. However, we have said also that even though the mother has been guilty of adultery, such conduct does not in and of itself serve as an absolute bar to an award of custody to her, the paramount and controlling consideration being the best interest of the minor child or children. Mason v. Mason, 276 Ala. 265, 160 So.2d 881; Beasley v. Beasley, 276 Ala. 247, 160 So.2d 863.

■ The older daughter, who was a witness in this case, stated that she loved her father but preferred to live with her mother. Of course, such a perference is in no wise controlling but is a factor to be considered in a case of this kind in awarding custody.

Each case of this kind must be decided on its own peculiar facts and the personalities involved. The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption which we accord its decrees. Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561.

■ We believe that under the circumstances and under the evidence presented in this case, it is to the best interest of the two young girls, nine and thirteen years of age, to be with their mother as much as possible and that the evidence does not require a finding that the mother was an unfit person to have their custody.

■ The appellant next argues that the trial court erred in awarding an attorney's fee to the attorney who represented appellee, the wife, in the court below. The argument of the appellant in support of that contention is, in part, that the evidence showed that the wife was employed at a salary larger than that earned by the husband. But this fact alone would not, in our opinion, justify us in setting aside the trial court's action in requiring appellant to pay appellee's attorney's fees. She testified

that she was without funds with which to make such payment. We have said, in effect, that attorneys for the wife in a divorce action are entitled to a reasonable fee for their services commensurate with their labor and skill involved, the results of litigation and the earning capacity of the parties, and such allowance, to be paid by the husband, rests in the sound judicial discretion of the trial court. Phillips v. Phillips, 277 Ala. 2, 166 So.2d 726; Davis v. Davis, 255 Ala. 488, 51 So.2d 876. We take note of the fact that the wife did not seek alimony and none was awarded to her, but we do not believe that this fact alone would deprive the trial court of the right to award attorney's fees. The case of Mathison v. Mathison, 267 Ala. 101, 100 So.2d 11, cited in appellant's brief, does not so hold. The provision in the decree of the court for an allowance to be paid by the husband for the support of the minor children is in a sense a feature of alimony. Keith v. Paden, 255 Ala. 294, 51 So.2d 9.

During the course of the direct examination of the appellee, the complainant below, the following occurred:

"Q Is this the first occasion he threatened to kill you and the children?

"MR. SMITH [Counsel for defendant] Your Honor, I object to the form of that question.

"THE COURT: Overruled.

"A Yes, sir."

■ Perhaps the question objected to was a leading one, but certain it is that the overruling of the objection interposed thereto cannot work a reversal of this case. Whether allegedly leading questions will be permitted is largely within the trial court's sound discretion. Morris v. State, 268 Ala. 60, 104 So.2d 810; McLaney v. Turner, 267 Ala. 588, 104 So.2d 315; Britling Cafeteria Co., Inc., v. Shotts, 233 Ala. 590, 173 So. 61. That no abuse of discretion in regard to the ruling presently under consideration occurred is too clear for discussion.

Appellant argues that the trial court erred in allowing the appellee as a witness to use notes made from memory to refresh her recollection while on the witness stand.

The record does show that during the course of the direct examination of appellee it became apparent that she was referring to some notes when questioned relative to the time certain events occurred and she stated that those notes had not been made at the time of the occurrences, but were made by the witness "in a period of the next several weeks" for the purpose of refreshing her recollection. All other questions aside, there was no appropriate objection interposed to the witness using the notes in the manner indicated. Counsel for appellant at the conclusion of his voir dire examination of the witness relative to the notes did state to the court: "Your Honor, I would prefer that she testify from her memory, concerning these matters unless those notes were compiled shortly after the events that she is talking about. I have no idea what she is going to say, of course."

The trial court did not consider that statement to be an objection, as is indicated by the following statement made by the trial court: "Well, I'll allow you to cross-examine her on that. She has testified she has to refresh her memory with her notes." In response to that statement of the court, counsel for the appellant said, "All right."

■ Moreover, we think the record shows that the notes were made at a time when the recorded events were fresh in the mind of the witness. See Flournoy v. State, 270 Ala. 448, 120 So.2d 124. And even if it could be said that a proper objection was overruled by the trial court and that the record does not show that the notes were made at a time when the recorded events were fresh in the mind of the witness, we would not reverse because after an examination of the "entire cause" we cannot say that "the error complained of has probably injuriously affected substantial rights" of the defendant.—Supreme Court Rule 45.

The attorney for appellee requests that an attorney's fee be awarded to him for his services "in defending this appeal." Under our cases we may award such a fee. Davis v. Davis, supra, and cases cited. Due to the outcome of this case and the other factors involved, including the fact that the record indicates that appellant is a man of limited means, we think a reasonable fee for appellee's attorney for services on appeal in this court is the sum of $150. It is ordered that a fee in that amount be awarded to the attorney for appellee for services rendered his client on this appeal.

We have considered all of the argued assignments and finding no ground for reversal in any of them, we hold that the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.