248 So.2d 743

**Guy H. MOUNT**

v.

**Alice Irene MOUNT.**

**7 Div. 26.**

Court of Civil Appeals of Alabama.

May 26, 1971.

Simmons, Torbert & Cardwell, Gadsden, for appellant.

Martin & Floyd, Gadsden, for appellee.

THAGARD, Presiding Judge.

From a final decree dated August 31, 1970, granting unto appellee a divorce from the bonds of matrimony, together with a substantial award of property, the defendant in the trial court prosecutes this appeal.

The ground upon which the divorce was granted is stated in the decree as follows: " * * * for and on account of reasonable apprehension on the part of the Plaintiff that the Defendant would commit actual acts of violence upon her person, attended with danger to her life or health."

Appellant's Assignments of Error One and Two were based upon the overruling by the court of defendant's demurrer to the Bill as a whole and to that aspect of the Bill in which complainant sought a divorce on the ground of reasonable apprehension of violence. These assignments were waived by the failure of appellant to argue them in his brief.

Appellant's third assignment says that the evidence was insufficient to support the ground upon which the divorce was granted "that the conduct of appellant has placed appellee in reasonable apprehension of danger to her life or health." We think this is a valid assignment and one upon which we must reverse.

We do not overlook that the testimony was taken *ore tenus* and that it is our duty to indulge every reasonable presumption in favor of the finding of the trial court. For that reason a brief discussion of the evidence is necessary.

The parties were married on January 2, 1958, and lived together until appellant entered the Federal penitentiary as a prisoner in Atlanta, Georgia, on June 3, 1969. Appellee offered no witnesses except herself. She testified in some detail that during the marriage appellant beat her on two occasions, the last of which occurred about two years before he was sent to the Atlanta penitentiary. She testified that about nine years before the separation he threatened her with a pistol. After that event she filed for a divorce, but later dismissed the proceeding and returned to her husband and lived with him until he went to the penitentiary.

For several months thereafter she wrote him daily and she visited him every Sunday until shortly before she filed for this divorce.

We do not think that, after having lived with him nine years following the alleged attack committed on her in a motel in 1960, she can successfully contend that she lived in apprehension of danger to her life or health at his hands.

She testified that he had beaten her with his fists on numerous occasions. At this point the court intervened and asked: "Did it continue down to your separation?" Answer: "Yes, sir." Then Mr. Martin, one of her attorneys, inquired: "Do you know when it was, the last time?" To which she answered: "It was —I guess a couple of years ago." In spite of that she continued to live with him until he went to the penitentiary. Then, when he reported to the Atlanta penitentiary she accompanied him. There they had a very tearful parting. He removed $15.00 from his billfold and gave it and $70.00 and a diamond ring and diamond stickpin to her and told her to sell such of his personal property as was necessary for her to get money to live on. Thereafter, for several months she wrote to him every day, visited him Sundays, and gave or sent him

money as he needed it. This continued until for some reason, not shown by the record and after he had served about half of his sentence, she filed suit for a divorce alleging cruelty and conduct that placed her in reasonable apprehension of danger to her life or health. We can but wonder what happened to her while he was incarcerated in the penitentiary that placed her in reasonable apprehension of danger to her life or health if she were to resume cohabitation with him after his release from the pentitentiary. Surely not the attack in 1960. Surely not the attack that occurred about two years before the trial of the divorce case.

But we do not overlook that after he had received notice of the divorce proceeding he sent her a clipping of an obituary column that had appeared in a Gadsden newspaper together with a note in which he said:

"This is a pretty good list, but it needs a few more names on it. I used to be afraid to read this list for fear I would find your name.

"Well now I just read and wonder when and wheather [sic] it will be cancer or lunacy, lust or greed. They are all fatal you know."

This note may or may not have been a threat, but even if she construed it as at threat and if it did terrify her it can avail her nothing because it was obviously written after the divorce petition was filed and it could not have placed her in "reasonable apprehension" before the filing of the divorce bill.

Therefore, we conclude that the ground upon which the divorce was granted did not exist when the divorce bill was filed and that the learned trial judge granted the divorce erroneously, Hilley v. Hilley, 275 Ala. 617, 157 So.2d 215; Stairs v. Stairs, 283 Ala. 263, 215 So.2d 591.

Reversed and remanded.