282 So.2d 924

**Velma C. SANKEY**

v.

**F. E. SANKEY.**

**Civ. 180.**

Court of Civil Appeals of Alabama.

Sept. 12, 1973.

Smith, Bowman, Thagard, Crook & Culpepper and George H. B. Mathews, Montgomery, for appellee.

Capell, Howard, Knabe & Cobbs, P. A., Montgomery, for appellant.

WRIGHT, Presiding Judge.

This is an appeal from an allowance of alimony in gross as provided in a decree of

divorce granted appellant, Velma C. Sankey, from appellee, F. E. Sankey, on January 30, 1972. There is also an appeal from a decree on motion for rehearing entered August 7, 1972.

Appellant and appellee were married January 15, 1950. They lived together as man and wife until May 2, 1958. On that date appellee moved from the home and they have since lived separate and apart. There were no children born of the union, though appellant suffered two miscarriages. The home where the parties lived while together, and where appellant has lived since the separation, is appellee's ancestral home. The home and 160 acres of land was inherited by appellee upon the death of his mother prior to the separation.

After marriage the parties bought the stock and fixtures of a small country store. They operated it together until the separation. Appellee has continued in the business. After appellee moved from the home, appellant obtained employment in a department store in Montgomery and has provided for herself without assistance from appellee, except the maintenance by appellee of a policy of Blue Cross insurance. Appellant owns no real property. She has personal effects, some furniture and a 1966 Valiant automobile. At the time of the divorce appellant had recently had surgery for a foot problem and was not employed.

Appellee owns the stock and fixtures of the store, a house trailer with some $2500 equity, the house where appellant has lived and 160 acres of land.

Appellant is sixty years of age and suffers from various maladies, including her foot problem and an enlarged heart. Appellee is sixty-eight years of age and the condition of his health is not in evidence. Appellee has from time to time sold timber from the land. His tax returns from the store indicate an adjusted gross income of some $844 for 1970 to $1527 for 1971. He draws Social Security. Appellant, while working, had a gross income of approximately $5000 per year.

After hearing the evidence orally on the bill of complaint of appellee and the cross-complaint of appellant, the court granted to appellant a divorce on the ground of abandonment and awarded to her as alimony in gross the use of the residence owned by appellee so long as she continued to live there. She was given the use of 25 acres of land for farm purposes so long as she resided there. Appellee was required to continue payment of the Blue Cross premiums and to pay appellant's attorney a fee of $250.

After the original decree, appellant filed a request for clarification and instructions, together with a motion for rehearing. The motion for rehearing charged that the decree was contrary to law and the evidence in the award of alimony in gross and that the decree was indefinite in failing to designate or describe the 25 acres allowed for the use of appellant.

Additional evidence was presented to the court upon the matters presented by the request for instructions, and the court in a decree itemized matters which appellant could and could not do in relation to repairs to the house. The motion for rehearing was denied except that the court agreed that the original decree was indefinite by failing to describe the acreage, the use of which was granted to appellant. The court altered the original decree in its decree on rehearing by carving out a specific 25 acres by metes and bounds.

## ON MOTIONS

Appellee has filed two motions for dismissal of the appeal. The first motion contended there had been a discontinuance of the motion for rehearing and that time for appeal from the original decree had expired.

Subsequent to the filing of the motion to dismiss, this Court granted certiorari to

complete the record. The record as completed indicates the court acted properly to continue the motion for rehearing until it was finally heard and decree rendered. Motion I to Dismiss is therefore denied.

■ Motion II requests dismissal of the appeal from the decree on motion for rehearing, for that said decree modified in part the original decree, but such modification was favorable to appellant and thus is not appealable. We are unable to accept appellee's premise. Appellant appealed both from the original decree and from the decree on rehearing. Admittedly, the decree on rehearing modified only a portion of the original decree. The original decree as unmodified is still in force and is so stated to be in the decree on rehearing. Such is therefore appealable. Though containing modification, we know of no rule which prevents appellant from charging error to the modifying decree, though to a degree favorable. One cannot be prevented an appeal from a decree granting half a loaf when he contends error in not getting a full loaf.

It matters not in this case whether the appeal is considered from the original decree or from that on rehearing. Appellant complains that the original decree and that on rehearing is contrary to the evidence and amounts to an abuse of discretion in the portion of the decree granting alimony to appellant. Motion II to Dismiss is denied.

■ Appellee has filed a motion to strike from the transcript of evidence certain testimony and exhibits which were presented at an oral hearing on November 22, 1972. On that date there was pending before the court a request for instructions filed by appellant and her motion for rehearing. The evidence appears to relate to the request for instructions, however, it is not so designated. Both appellant and appellee appeared with counsel and testified. There was no objection from appellee as to either procedure or substance. Subsequent to the hearing, decrees were entered on the request for instructions and on the motion for rehearing. It is not indicated what part of the evidence was considered by the court in relation to either of the decrees rendered. Since the evidence was given in open court without objection, it is properly in the record for whatever purpose it was submitted and considered by the court. Title 7, § 767, Code of Alabama 1940. Motion to Strike denied.

## ON MERITS

■ We have previously set out above the fact that the original decree granted to appellant a divorce upon evidence that appellee had abandoned her in 1958, some fourteen years prior to the decree. The court determined that appellant was entitled to alimony and granted an award stated to be in gross. Such award consisted of the right to live in the house belonging to appellee and to farm 25 acres during her lifetime. In light of the evidence that the house is dilapidated and falling in, without water except rain water caught in a cistern from off the roof, and that the land is only timberland, there is much question as to the actual value of the alimony awarded. If the house is to be maintained and improved it must be at the expense of appellant. If it becomes unlivable and appellant must move she loses all rights in the house and the land. The evidence before the court was that appellant is not in good health, unemployed and without present income. She was specifically denied the right to make changes, such as tearing down certain unlivable rooms, in the decree on requested instructions.

Though granting all presumptions due a decree rendered upon testimony heard orally by the court, Shell v. Shell, 48 Ala.App. 668, 267 So.2d 461 [cert. denied, 289 Ala. 751, 267 So.2d 467], we consider the award of alimony in gross is inadequate considering the estate of the husband and the condition of the wife. The award is so conditional as to be questionable as alimony in

gross in fact. We are of the opinion that the court, having in the exercise of its discretion found the appellant to be entitled to alimony, should have been as liberal in the award as the husband's estate would permit. Section 32, Title 34, Code of Alabama 1940; White v. White, 278 Ala. 682, 180 So.2d 277; Sides v. Sides, 284 Ala. 39, 221 So.2d 677. It appears to this Court from the evidence that if appellant is to benefit from the award given by the court, she will be required to make substantial investments and repairs which will ultimately inure to the benefit of appellee's estate.

We therefore reverse the decree of the trial court insofar as the award to appellant of alimony in gross. We find appellant to be entitled to alimony in gross and direct award to her of the house where she now resides, and 25 acres of land connected therewith in fee simple. Since the evidence does not disclose the layout of the total tract of 160 acres in relation to the house and ways of ingress and egress, the trial court is directed to determine the description of said 25 acres giving due regard to securing the best interest of appellant while protecting the value of the remaining 135 acres of appellee. The setting aside of said 25 acres may be accomplished by agreement or the taking of additional testimony.

The remainder of the decree is affirmed and the case is remanded to the trial court for further proceedings in accord with this decision.

■ Motion having been made to this Court for allowance of an attorney fee to appellant for service of her attorneys on this appeal, it is considered by the Court that such motion should be granted. The sum of $250 is hereby granted for attorney's fee on appeal.

Affirmed in part, reversed in part and remanded with directions.

BRADLEY and HOLMES, JJ., concur.