HOLMES, Judge.
This is a child custody case.
The Circuit Court of Tuscaloosa County, after an ore terms hearing, entered a decree modifying custody and child support provisions of a previous decree. The father appeals.
Viewing the record with the attendant presumptions, we find the following: The parties were divorced in August, .1970. Custody of the parties’ three minor children was awarded to the mother. The father was required to pay $500 per month for the support and maintenance of the children.
In April, 1972, the father filed a petition to modify, requesting a change in the custody of the children. The mother was in agreement with the petition and the court modified the divorce decree. The children then came to live with the father until December, 1972. At that time, the children refused to remain with the father and voluntarily left the custody of the father.
During December, 1972, the court awarded the temporary custody of the minor children to the wife’s sister. The court further enjoined the parties from disturbing, molesting or seeing each other or the children.
In February, 1973, the custody of the parties’ minor children was granted to the mother. The court further found the father to be in arrears for the payment of child support and entered a judgment against him for $14,000.
The parties executed an agreement in March, 1975, whereby the father would be allowed to assume the actual care and custody of the children. The agreement further provided that he was released from any claim, whether judgment or otherwise, in regard to back child support payments. Pursuant to this agreement, the children began to reside with the father.
*1010 In March, 1977, the youngest of the parties’ two minor female children, Elizabeth, voluntarily abandoned the custody of the father and came to the mother, requesting to remain in her custody. Upon petition by the mother, she was granted temporary custody of that child.
After numerous further proceedings, the court held that the February, 1973, decree was in force and effect as against the parties to this action. The court further found that the agreement entered into by the parties in March, 1975, had no effect or standing in the court and that the custody of the minor children remained with the mother according to the February, 1973, decree.
Thereafter, the father petitioned to modify the February, 1973, decree in an effort to obtain custody of both minor children and to be relieved from support obligations. The case proceeded to trial where, after an ore tenus hearing, the court entered the following decree, in pertinent part, in July, 1977:
“(1) That the care, custody and control of the minor child, Elizabeth Ann Thompson, should remain with her mother, Cleo Lamb Thompson, who is a fit and proper person for such care, custody and control.
“(2) That the care, custody and control of the minor child, Sandra Lynn Thompson, should be placed with her father, John Wallace Thompson, and that he is a fit and proper person for such care, custody and control.
“(3) That both Cleo Lamb Thompson and John Wallace Thompson shall have reasonable visitation upon reasonable notification to the other party, however, that the said minor children shall not be coerced or forced into visiting and if they do not desire to visit the other party then they shall not be made to. The Court finds that both of the minor children are capable of making mature decisions and that their decision as to visitation shall be respected by-both of the parents.
“(4) That the respondent, John Wallace Thompson, is presently employed and that he derives sufficient income from such employment, and he is hereby or.dered to pay One Hundred Fifty ($150.00) Dollars per month through the Registry of the Circuit Court of Tuscaloosa, Alabama, for the support and maintenance of Elizabeth Ann Thompson. Said payments to commence on August 15, 1977, and payment to be made on the 15th day of each month thereafter.
“(5) That the total amount of arrear-age owed by John Wallace Thompson for the support and maintenance of the said minor children while they were under the care and custody of Cleo Lamb Thompson, amounts to Nineteen Thousand Three Hundred ($19,300.00) Dollars and that the respondent, John Wallace Thompson, is hereby ordered to make a payment of at least Five Hundred ($500.00) Dollars by Friday the 22nd day of July, 1977. If said payment is not made or if said judgment is not satisfied then execution may issue for the enforcement of same.”
The father appeals, alleging error in the trial court’s award of custody and its finding of him to be in arrears in child support payments. Specifically, the father contends the trial court erred in awarding Elizabeth to the mother in that such would not be in the best interest of the child. The father further contends the trial court erred in not admitting certain evidence in an effort by the father to show payment of child support.
At the outset, we would note that it is well established that in cases where the trial court hears all the evidence ore tenus, the judgment is presumed correct unless the record before this court demonstrates that the trial court’s judgment is plainly and palpably incorrect. See Stewart v. Stewart, Ala.Civ.App., 354 So.2d 816 (1977).
Suffice it to say that a great deal of the testimony was in direct conflict. Most all of the evidence involved the period from February, 1973, the date of the modification decree granting custody to the mother, to March, 1975, the date of the agreement giving custody of the children to the father. There was testimony to the effect that dur *1011 ing this period there was some drug activity and promiscuity taking place in the mother’s home. The knowledge of the mother as to these activities was in dispute.
Our careful review of the record, however, fails to disclose the present home environment of the mother. We would further note that the youngest child testified at trial that she preferred to live with her mother.
Given the facts before us, we cannot say that the trial court’s decree in changing custody of the minor children was plainly and palpably incorrect. This is particularly made manifest when viewed with the fact that the youngest child preferred to live with her mother. While such a preference is not a controlling factor, it should be given consideration in determining custody. See Stairs v. Stairs, 283 Ala. 263, 215 So.2d 591 (1968); Sutton v. Sutton, 55 Ala.App. 254, 314 So.2d 707 (1975).
It is clear to this court that the July, 1977, decree modified the February, 1973, decree which had awarded custody of both children to the mother. The father contends the agreement executed between the parties in 1975 is controlling, both as to the custody and support payments and presumed to be in the best interest of the children. We cannot agree.
The Alabama Supreme Court in Morgan v. Morgan, 275 Ala. 461, 464, 156 So.2d 147, 150 (1963), when faced with a similar agreement, stated that:
“This argument overlooks well settled legal principles to the effect that appellant’s duty to support his minor children, and the amounts of such support, were imposed by a final decree of a court having full jurisdiction in the premises. The parents are without any warrant in law to later nullify such decree by mutual agreement between themselves so as to deprive the minor children of the support to which they are entitled under the decree of a court of competent jurisdiction. Such agreements are without eonsideration, and void as a matter of public policy. .” (Citations omitted.)
Furthermore, since it is the February, 1973, decree which is attempted to be modified, the burden is upon the father, i. e., the movant, to convince the trial court that the circumstances have changed to such a degree that a modification of the award of custody is required. See Stewart v. Stewart, supra.
In view of the above, we cannot say in this instance that the trial court erred to reversal in awarding one child to the father and one to the mother.
The father further alleges that the trial court erred in its finding of arrearage in child support payments. The father contends that payments were made directly to the mother and that the court refused to take into consideration their payments in determining the back child support payments due.
The court indicated that it was inclined to disallow • credit for payments not paid through the register’s office. However, the record reveals that the court did allow evidence of payments and such payments were allowed as credit to the arrearage.
The father further alleges error in the trial court’s refusal to consider payment receipts made prior to February, 1973, in computing the arrearage from February, 1973, to July, 1977. In February, 1973, the father was adjudged to be $14,000 in arrears in child support payments. Although the father testified that these receipts were not offered in evidence in 1973, it was proper for the court to refuse to admit them in July, 1977, because that period of child support had already been determined.
The above being dispositive of the issues in this case, the trial court is due to be and is affirmed.
The appellee-wife has requested that this court award an attorney’s fee for representation on appeal. We have carefully considered this request. However, in view of all the facts, as indicated above, we decline to make such an award.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.