BRADLEY, Judge.
This is an appeal from a final judgment of divorce.
On September 7, 1984 wife filed a complaint against husband for divorce on the ground of incompatibility of temperament. Husband filed an answer and counterclaim, alleging irretrievable breakdown of the marriage, incompatibility of temperament, and adultery by the wife. Both parties sought award of the marital home and furnishings, and custody of the parties’ three children, Pamela (13), Sheri (12), and Barry (8).
The trial court entered its judgment on January 18, 1985. The court awarded custody of the parties’ three minor children to the wife and further ordered the husband to pay $600 a month for their support. The husband was also required to provide health insurance for his children. The wife was given title to a 1974 Maverick, and the husband was given title to a 1980 Dodge pickup.
Possession of the marital home was awarded to the wife to be used for the benefit of the children. Wife was required to pay the mortgage indebtedness, taxes, and insurance on the home. The trial court also ordered that the home be sold and the proceeds divided equally between the parties when the youngest child is eighteen years old and is married, or when the youngest child is nineteen years old, or if the wife remarries or lives openly with a male. The wife was also awarded all of the household furniture, appliances, and other personal items, except those items which the wife was willing to allow the husband to have and which were not needed for the children.
The husband appeals from this divorce decree.
The husband contends that the trial court erred in awarding custody of the parties’ children to the wife. He alleges that the wife is guilty of misconduct and is an unfit parent. Specifically, the husband contends that the wife committed adultery and is therefore an unfit parent.
The trial court, after viewing the witnesses and hearing their testimony, concluded that there was insufficient evidence for it to find that either party was an unfit parent. We note that there is a presumption of correctness applied to the trial court’s findings where the evidence was presented orally before the court. Alford v. Alford, 368 So.2d 295 (Ala.Civ.App.1979); Cooley v. Cooley, 45 Ala.App. 461, 231 So.2d 915 (1970).
The record reveals that the wife took very good care of the parties’ children. She drove them to school, fixed their meals, and frequently stayed home with them. Each witness testified that the children were well-clothed and well-fed. The court also interviewed the children in chambers and noted that the children appeared to be well-adjusted. The only evidence presented concerning the wife’s unfitness consisted of the husband’s allegations of her adultery and unfitness. The husband testified that the wife was often at the home of her alleged paramour late at night. The wife explained that she frequented the home not to visit the alleged paramour, but instead, to visit his mother. Apparently the wife and mother had become good friends when they both worked together at Dodge City Restaurant. No one, including the husband, ever saw the wife and the alleged paramour together.
*722 Proof of adultery “must be such as to create more than a suspicion.” White v. White, 278 Ala. 682, 180 So.2d 277 (Ala.1965). The trial court apparently concluded that the wife was not guilty of any misconduct, because it found that she was a fit parent. After a careful review of the record, we cannot say that the trial court’s judgment is so plainly and palpably wrong as to require it to be set aside. Perry v. Perry, 460 So.2d 1324 (Ala.Civ.App.1984).
The trial court considered that it would be in the best interests of the children to be awarded to the wife. The determination of custody is in the trial court’s sound discretion and will not be set aside unless clearly and palpably wrong. Mansell v. Mansell, 437 So.2d 588 (Ala.Civ.App.1983). We cannot say that the trial court’s decision here was palpably wrong.
The husband however argues that the trial court unduly restricted him from presenting evidence of the wife’s alleged misconduct. We disagree.
Husband’s grievance concerns comments made by the trial court while the husband’s attorney was cross-examining the wife. The wife, upon repeated cross-examination, continually denied any relationship with the alleged paramour. The attorney’s cross-examination of the wife concerning her relationship with the alleged paramour continued for nine pages of the transcript. After an unproductive and lengthy cross-examination, the trial court interjected as follows:
“THE COURT: Let me ask you, Mr. Sapp, as a Judge sitting, since I am on incompatibility of temperament and irretrievable breakdown of the marriage, evidently you are trying to lead up to show me that this lady is unfit to have her children?
“MR. SAPP: Yes, sir.
“THE COURT: Then get to it, I’ve given you about five minutes, think about it, we have fooled around here long enough, if you’ve got some evidence to show me about her moral character, do it, quit beating around the mulberry bush, ask the questions, if you don’t have with her, put another witness on. You’ve laid enough predicate with me, now, we’ll take about a five minute break, I’m interested in whether she is competent to have custody, anything else is unimportant to me since we have got three children, you understand, gentlemen, I’m not affected by this kind of testimony, I abhor it, if it is necessary for this court to decide who is unfit, I want to hear it. If you’re just dragging this lawsuit out, we have these marvelous three children that I interviewed just before lunch, you know how I feel about this. You think about what I’ve said, I’m not trying to cut you off, I want you to get down to the meat of the coconut, if she can’t look after one or all of her children, by the evidence. We’ll take about a five minute break.”
The above colloquy with counsel does not convince us that the trial court restricted husband’s efforts to present evidence of the wife’s misconduct. In fact, the trial court encouraged the husband’s attorney to present evidence of wife’s misconduct, particularly with regard to her fitness to care for the couple’s children. Even if we determined the court’s remarks to be an undue restriction on husband’s efforts to prove wife’s misconduct, such error would be harmless, since the husband was permitted to present evidence of the wife’s misconduct later in the trial. Rule 45, Alabama Rules of Appellate Procedure; rule 61, Alabama Rules of Civil Procedure. We, therefore, find that the trial court did not unduly restrict the husband from presenting evidence of the wife’s misconduct.
The husband next contends that the trial court abused its discretion in its division of property and award of child support.
An award of child support and the division of property in a divorce proceeding are within the trial court’s discretion and such discretion will not be disturbed except for palpable abuse. Perry v. Perry, 460 So.2d 1324 (Ala.Civ.App.1984).
*723 The wife is not presently employed, although she does occasionally work as a substitute teacher and drive a school bus. Her employment as a substitute teacher and bus driver is sporadic. The husband earns between $15,000 and $16,000 a year working at American Cast Iron Pipe Company.
Since the wife has only a minimal ability to provide for her children, the trial court had to place the financial obligation of support on the husband. The wife stated that her monthly expenses (including groceries, clothes, gas, home mortgage) totaled $700. The husband’s monthly expenses were estimated at $700. The husband stated at trial that he would be willing to provide $500 for child support. Thus, we do not find that requiring the husband to pay $600 child support is excessive. We also find no abuse of discretion in the trial court’s action awarding possession of the marital home to the wife, since the wife has custody of the children, and once the house is sold the husband will share equally in the proceeds.
The trial court’s judgment in all respects is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.